Morgan D. Ross, Esq. (SBN 270650)
Robert B. Salgado, Esq. (SBN 297391)
**COUNTERPOINT LEGAL**
600 B Street, Ste 1550
San Diego, CA 92101
Tel:  (619) 780-3303
Fax: (619) 344-0332
morgan@counterpointfirm.com
rsalgado@counterpointfirm.com

*Attorneys for Plaintiffs and Putative Class*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA, SALENA GARCIA, AND R.G., a minor by and through her guardians Michael Garcia and Salena Garcia, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>ROBLOX CORPORATION,<br><br>        Defendant | Case No.: 2:25-cv-03476<br><br>**PLAINTIFFS' OPPOSITION TO ROBLOX CORPORATION'S MOTION TO DISMISS THE COMPLAINT**<br><br>Date:     August 22, 2025<br>Time:    1:30 p.m.<br>Dept:    9B<br>Judge:   Judge Wesley L. Hsu |

OPPOSITION TO MOTION TO DISMISS

# TABLE OF CONTENTS

I.     INTRODUCTION........................................................................1

II.     ISSUES PRESENTED ...............................................................1

    A.    Judicial Notice / Incorporation-By-Reference. ...................................... 1

    B.    Local Rule 7-3 Compliance. ................................................................. 2

    C.    Article III Standing — Damages (ECPA/SCA)..................................... 2

    D.    Article III Standing — Prospective Relief (COPPA). .......................... 2

    E.    Wiretap Act (ECPA) Claim Sufficiency................................................ 2

    F.    Stored Communications Act (SCA) Claim Sufficiency. ....................... 2

    G.    COPPA-Based Equitable Relief. .......................................................... 2

    H.    Section 230........................................................................................... 3

    I.    Arbitration/Forum-Selection (if raised). .............................................. 3

    J.    Class Allegations and Leave to Amend. ............................................... 3

III.     BACKGROUND AND PROCEDURAL POSTURE...................3

IV.     LEGAL STANDARD ...............................................................4

    A.    Rule 12(b)(6)........................................................................................ 4

    B.    Rule 12(b)(1) (Article III Standing) — Facial Attacks......................... 4

    C.    Prospective Relief (Injunctive/Declaratory) Standing ......................... 5

    D.    Consideration of Materials Outside the Pleadings............................... 5

       1.    Judicial notice (FRE 201). ............................................................ 5

       2.    Incorporation by reference............................................................. 5

    E.    Equitable Relief Pleaded in the Alternative........................................ 6

    F.    Browsewrap/Clickwrap "Consent" (enforceability is fact-intensive)................ 6

ii

OPPOSITION TO MOTION TO DISMISS

G.    Local Rule 7-3 (C.D. Cal.)..................................................................... 6

H.    Wiretap Act (ECPA), 18 U.S.C. § 2511 ............................................... 7

    1.    "Contents."................................................................................... 7

    2.    Party exception / consent. ........................................................... 7

    3.    Contemporaneity.......................................................................... 7

I.    Stored Communications Act (SCA), 18 U.S.C. §§ 2701, 2702........... 7

    1.    § 2701 (Access).......................................................................... 7

    2.    § 2702 (Provider disclosure)........................................................ 8

J.    COPPA (15 U.S.C. § 6501 et seq.) and Equitable Relief ................... 8

K.    Section 230 (47 U.S.C. § 230) ............................................................. 8

L.    Leave to Amend .................................................................................... 9

V.    THRESHOLD ISSUES ................................................................................ 9

A.    Substantive Threshold Issues ............................................................... 9

    1.    Governing rules (RJN, incorporation, and Rule 12(d)) .................. 9

        a.    Judicial notice (FRE 201) ....................................................... 9

        b.    Incorporation-By-Reference .................................................. 10

    2.    Historical TOUs/Privacy Policies cannot prove "consent" or notice at Rule 12.......... 10

        a.    Truth vs. existence. ............................................................... 10

        b.    Not "necessarily relied on." ................................................... 10

        c.    Fact disputes abound. ............................................................ 10

    3.    Prior complaint (RJN Ex. [7]) is notice-only ............................... 11

    4.    If the Court considers any of these materials, it must cabin their use—or convert ...... 11

B.    Procedural Threshold Issues ............................................................... 11

iii

OPPOSITION TO MOTION TO DISMISS

1.    Defendant's Motion Should Be Denied or Continued for Failure to Comply with C.D. Cal. L.R. 7-3..........................................................................................................11

2.    The Court Should Decline to Consider Defendant's Extra-Pleading Materials .......... 12

    a.    Judicial Notice Is Limited; Truth of Disputed Matters Is Out of Bounds. ............... 12

    b.    Incorporation-by-Reference Cannot Be Used to Rewrite the Pleadings. ................. 12

    c.    If the Court Considers These Materials, Rule 12(d) Requires Cabining Their Use— or Conversion. ........................................................................................................ 13

VI.    ARTICLE III STANDING .....................................................................................13

A.    Concrete Injury-in-Fact (Damages) ............................................................ 13

1.    Substantive privacy invasions are concrete. ............................................. 13

2.    Economic harm independently suffices. .................................................... 14

3.    No "bare informational injury." ................................................................. 14

B.    Traceability ................................................................................................. 14

C.    Redressability .............................................................................................. 14

D.    Prospective Standing for Equitable Relief (COPPA-Aligned) ........................... 15

E.    Minors and Disaffirmance Do Not Defeat Damages Standing.......................... 15

F.    "Informational Injury" Mischaracterization ................................................... 15

VII.    THE COMPLAINT STATES CLAIMS; DEFENDANTS' MERITS ARGUMENTS RAISE FACT DISPUTES ..........................................................16

A.    Wiretap Act (ECPA), 18 U.S.C. § 2511 — Sufficiently Pled ........................... 16

1.    Interception of "contents." ........................................................................ 16

2.    Contemporaneity is a fact question............................................................ 16

3.    Party/consent defenses can't be resolved on the pleadings. ......................... 16

4.    Procurement liability.................................................................................. 17

OPPOSITION TO MOTION TO DISMISS

B.  Stored Communications Act (SCA), 18 U.S.C. §§ 2701 & 2702 — Sufficiently Pled.... 17

1.  § 2701 (Access).......................................................................................... 17

2.  § 2702 (Provider disclosure)....................................................................... 17

C.  COPPA-Aligned Declaratory and Injunctive Relief — Plausibly Alleged; At Minimum,
Dismissal Is Not Warranted With Prejudice ............................................................. 18

D.  Roblox's Consent-Based Merits Defenses Are Premature .............................................. 18

E.  Section 230 Does Not Bar These Claims........................................................................ 18

F.  Minors, Disaffirmance, and Consent ............................................................................ 18

G.  Conclusion ...................................................................................................................... 19

VIII.   VIII. Defendant's Defenses Fail at the Pleading Stage............................19

A.  "Consent" and the ECPA "Party" Defense Are Fact Questions ...................................... 19

B.  "No Contents" and Contemporaneity Cannot Be Resolved Now...................................... 19

C.  SCA "Own Facility," "No Electronic Storage," and § 2702 Exceptions Are Fact-Bound 19

D.  Section 230 Does Not Apply to First-Party Data Collection ............................................ 20

E.  COPPA Arguments Do Not Defeat the Case.................................................................... 20

F.  Arbitration/Forum-Selection Is Not a Rule 12(b)(6) Vehicle .......................................... 20

G.  RJN Reliance Cannot Carry the Day .............................................................................. 20

H.  Injunctive-Standing Attacks Do Not Defeat Damages Claims......................................... 20

I.  Conclusion ...................................................................................................................... 21

IX.   IX. If Any Deficiency Is Found, Leave to Amend Should Be Freely Granted
21

X.   X. Alternative Relief: If the Court Considers Extra-Pleading Materials, It
Should Convert Under Rule 12(d) and Permit Targeted Discovery.......................21

XI.   XI. Conclusion............................................................................22

v

OPPOSITION TO MOTION TO DISMISS

1

## TABLE OF AUTHORITIES

2

**Cases**

3

Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009)....................................................... 11

4

Barnes v. Yahoo!, Inc., 570 F.3d 1096, 1101–02 (9th Cir. 2009) ................................ 15

5

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) .......................................... 11

6

Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 856–59 (9th Cir. 2022).............. 13, 18, 25

7

City of Los Angeles v. Lyons, 461 U.S. 95, 102–06 (1983) ...................................... 12, 22

8

Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998–99 (9th Cir. 2010) ...................... 17, 19

9

Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 969–70 (9th Cir. 2018)........................ 12, 22

10

Doe v. Internet Brands, Inc., 824 F.3d 846, 851–52 (9th Cir. 2016)............................... 16

11

Eichenberger v. ESPN, Inc., 876 F.3d 979, 983–85 (9th Cir. 2017) .............................. 12

12

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003).............. 28

13

Facebook Internet Tracking, 956 F.3d at 608–09 ................................................... 14, 23

14

Fair Hous. Council v. Roommates.com, LLC, 521 F.3d 1157 ...................................... 15, 16, 25

15

Foman v. Davis, 371 U.S. 178, 182 (1962) ......................................................... 16, 28

16

In re Facebook, Inc. Internet Tracking Litig., 956 F.3d 589, 598–601 (9th Cir. 2020)......... passim

17

In re Zynga Privacy Litig., 750 F.3d 1098, 1106–09 (9th Cir. 2014)............................. 14, 23

18

Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998–1003 (9th Cir. 2018)............. 12, 17, 20

19

Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 878 (9th Cir. 2002) ........................... 14, 23

20

Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001) ............................. 12, 17, 19

21

Lemmon v. Snap, Inc., 995 F.3d 1085, 1091–93 (9th Cir. 2021)............................... 16

22

Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000)...................................... 16, 28

23

Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) ........................................ 12

24

Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008) .................. 11

25

Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011) ................................... 11, 20, 21

26

Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1177–79 (9th Cir. 2014)..................... 13, 18, 25

27

Patel v. Facebook, Inc., 932 F.3d 1264, 1273–74 (9th Cir. 2019).......................... 12, 21

28

Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ............ 18, 19

vi

OPPOSITION TO MOTION TO DISMISS

Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).................................. 11, 20

Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020)....................................... 13

Spokeo, Inc. v. Robins, 578 U.S. 330, 338–42 (2016) ...................................................... 12, 21, 22

Theofel v. Farey-Jones, 359 F.3d 1066, 1075–77 (9th Cir. 2004)......................................... 15, 24

TransUnion LLC v. Ramirez, 594 U.S. 413, 426–33 (2021)..................................................... 12, 21

United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ................................................... 17, 20

**Statutes**

18 U.S.C. § 2511(1)(a), (d) ..................................................................................................... 14

18 U.S.C. § 2702 .......................................................................................................................... 9

47 U.S.C. § 230 ........................................................................................................................... 15

Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501 ........................... 10, 15

ECPA, 18 U.S.C. § 2511............................................................................................................ 8, 10

Fed. R. Civ. P. 12(d) ........................................................................................................... passim

Fed. R. Civ. P. 15(a)(2)............................................................................................................ 16, 28

Fed. R. Civ. P. 8(d)(2)................................................................................................................... 13

Rule 12(d) ................................................................................................................................ 27, 29

Stored Communications Act (18 U.S.C. § 2701, § 2702)....................................................... passim

Wiretap Act (ECPA), 18 U.S.C. § 2511 ...................................................................................... 23

**Rules**

C.D. Cal. L.R. 7-3 ................................................................................................... 9, 11, 18, 19

L.R. 7-3 ............................................................................................................................ 8, 20, 29

Rule 12(b)(1) ............................................................................................................................... 20

OPPOSITION TO MOTION TO DISMISS

## I.   INTRODUCTION

Plaintiffs Michael Garcia, Salena Garcia, and R.G. (a minor, through her parents) oppose Roblox's motion to dismiss. The Complaint pleads three federal claims only: (1) the Wiretap Act (ECPA, 18 U.S.C. § 2511), (2) the Stored Communications Act (18 U.S.C. § 2701, § 2702), and (3) equitable relief to enforce compliance with the Children's Online Privacy Protection Act (COPPA) (injunctive and declaratory relief only).

The Prayer seeks a declaration that Roblox's conduct violates ECPA, the SCA, and COPPA, an injunction halting the challenged collection and disclosures (including child-data practices), and statutory damages under ECPA; it does not seek COPPA damages (consistent with COPPA's enforcement scheme).

Roblox's motion should be denied (or, at minimum, deferred) for three threshold reasons: (1) the Complaint plausibly alleges concrete, particularized privacy injuries traceable to Roblox and redressable by this Court; (2) Roblox's arguments turn on merits disputes and factual contests inappropriate for Rule 12 resolution; and (3) as reflected in defense counsel's own declaration, the parties' substantive L.R. 7-3 conference did not occur within the requisite period before filing, prejudicing Plaintiffs' opportunity to narrow issues. *See* White Decl. ¶¶ 2–6 (L.R. 7-3 timeline described).

On the merits, the pleading plausibly alleges contemporaneous interception of electronic communications (ECPA), unauthorized access/disclosure of communications in electronic storage (SCA), and child-data practices that violate COPPA's consent and notice regime—justifying injunctive and declaratory relief to bring Roblox into compliance.

## II.   ISSUES PRESENTED

### A. Judicial Notice / Incorporation-By-Reference.

Whether the Court may consider Roblox's RJN Exhibits (historical online

OPPOSITION TO MOTION TO DISMISS

TOUs/Privacy Policies and other materials) for the truth of disputed matters (e.g., "consent," notice, timing), or only for existence/date, and otherwise deny or limit the RJN.

**B.  Local Rule 7-3 Compliance.**

Whether the Motion should be denied or continued because the only live meet-and-confer occurred on July 21, 2025—fewer than seven days before Roblox filed on July 23, 2025—contrary to C.D. Cal. L.R. 7-3, and emails do not satisfy the rule.

**C.  Article III Standing — Damages (ECPA/SCA).**

Whether Plaintiffs plausibly allege concrete privacy and economic injuries fairly traceable to Roblox and redressable by damages/restitution under the Wiretap Act and the SCA.

**D.  Article III Standing — Prospective Relief (COPPA).**

Whether Plaintiffs plausibly allege a real and immediate threat of future harm and inability to rely on Roblox's disclosures sufficient to support declaratory and injunctive relief aligned with COPPA's notice/consent regime (recognizing COPPA affords no private damages right).

**E.  Wiretap Act (ECPA) Claim Sufficiency.**

Whether the Complaint plausibly alleges contemporaneous "interception" of the contents of electronic communications and procurement of interceptions, and whether Roblox's "party" and "consent" defenses present fact disputes inappropriate for Rule 12.

**F.  Stored Communications Act (SCA) Claim Sufficiency.**

Whether the Complaint plausibly alleges unauthorized access to communications in "electronic storage" on a qualifying "facility," and/or unlawful disclosure by an ECS/RCS provider under 18 U.S.C. § 2702—issues that are fact-intensive and not resolvable on the pleadings.

**G.  COPPA-Based Equitable Relief.**

Whether Plaintiffs may seek declaratory/injunctive relief compelling

2

OPPOSITION TO MOTION TO DISMISS

COPPA-compliant practices (without pursuing COPPA damages), and whether
Roblox's objections raise merits questions better addressed on a developed record.

**H. <u>Section 230.</u>**

Whether § 230 applies where claims target Roblox's own
tracking/collection/disclosure practices and misrepresentations rather than liability
as a publisher of third-party content.

**I. <u>Arbitration/Forum-Selection (if raised).</u>**

Whether dismissal under Rule 12(b)(6) is improper where
assent/enforceability of online terms is disputed and any request belongs in a motion
to compel arbitration or a transfer motion on an appropriate record.

**J. <u>Class Allegations and Leave to Amend.</u>**

Whether striking/dismissing class allegations is premature at the pleadings
stage; and, if any deficiency is found, whether leave to amend should be granted
under Rule 15.

## III.   <u>BACKGROUND AND PROCEDURAL POSTURE</u>

Plaintiffs filed this putative nationwide class action on April 18, 2025,
asserting claims under the Electronic Communications Privacy Act ("ECPA"), 18
U.S.C. § 2510 et seq., the Stored Communications Act ("SCA"), 18 U.S.C. § 2701
et seq., and seeking equitable relief predicated on the Children's Online Privacy
Protection Act ("COPPA"), 15 U.S.C. § 6501 et seq. Plaintiffs request statutory
damages under ECPA and the SCA, and injunctive/declaratory relief to bring Roblox
into COPPA compliance (while acknowledging COPPA provides no private
damages right).

The Complaint defines a nationwide class of all U.S. users of the Roblox
platform from July 1, 2021 to the present, and proposes two subclasses: a "Minor
Subclass" for users who were under 18 when they used Roblox (represented by R.G.,
through her parents), and an "Adult Subclass" (represented by Michael and Salena
Garcia).

OPPOSITION TO MOTION TO DISMISS

Roblox moved to dismiss on July 23, 2025, and submitted a 301-page Request for Judicial Notice including historical Terms of Use (among other materials).

Under C.D. Cal. Local Rule 7-3, parties must meet and confer at least seven days before filing motions. Defense counsel's declaration states counsel first emailed to schedule the conference on July 14, 2025; the substantive call occurred on July 21 (two days before the July 23 filing). Defense counsel reports Plaintiffs' counsel declined to meet after hours on July 16, declined to extend or waive timing, and the parties conferred by phone on July 21 regarding standing, ECPA/SCA elements, and COPPA's remedial limits; the parties did not resolve the issues.

The Court has since issued its standard scheduling order and Rule 26(f) directives; the parties must file a joint Rule 26(f) report and proposed schedule in advance of the scheduling conference.

## IV.    LEGAL STANDARD

### A. Rule 12(b)(6)

On a Rule 12(b)(6) motion, the Court accepts well-pled facts as true and draws reasonable inferences in Plaintiffs' favor. A complaint survives if it states a facially plausible claim—i.e., facts that "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Conclusory allegations and unwarranted inferences are disregarded, but detailed fact pleading is not required. See Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).

### B. Rule 12(b)(1) (Article III Standing) — Facial Attacks

On a facial attack to subject-matter jurisdiction, the Court accepts the complaint's allegations as true and asks whether they "are sufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). Standing requires injury-in-fact that is concrete and particularized, fairly traceable to defendant, and redressable by the requested relief. Lujan v. Defs. of Wildlife, 504

OPPOSITION TO MOTION TO DISMISS

U.S. 555, 560–61 (1992); <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 338–42 (2016), as revised (May 24, 2016). Intangible privacy harms with a close relationship to traditionally recognized harms can be concrete. <u>TransUnion LLC v. Ramirez</u>, 594 U.S. 413, 426–33 (2021). The Ninth Circuit recognizes concrete injury for unauthorized tracking/disclosure of personal data. *See* <u>In re Facebook, Inc. Internet Tracking Litig.</u>, 956 F.3d 589, 598–601 (9th Cir. 2020); <u>Patel v. Facebook, Inc.</u>, 932 F.3d 1264, 1273–74 (9th Cir. 2019); <u>Eichenberger v. ESPN, Inc.</u>, 876 F.3d 979, 983–85 (9th Cir. 2017).

## C. **Prospective Relief (Injunctive/Declaratory) Standing**

Plaintiffs seeking prospective relief must allege a real and immediate threat of repeated injury—not merely past exposure. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102–06 (1983). In consumer cases, inability to rely on a defendant's representations or ongoing exposure to the challenged practices can satisfy this requirement. <u>Davidson v. Kimberly-Clark Corp.</u>, 889 F.3d 956, 969–70 (9th Cir. 2018).

## D. **Consideration of Materials Outside the Pleadings**

The Court may not consider matters outside the pleadings on a Rule 12(b)(6) motion without converting it to summary judgment. Fed. R. Civ. P. 12(d). Two narrow exceptions apply:

### 1. **Judicial notice (FRE 201).**

Courts may notice the existence and date of public records and certain facts, but not the truth of disputed factual assertions in those documents. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689–90 (9th Cir. 2001).

### 2. **Incorporation by reference.**

The doctrine must be applied "sparingly" and cannot be used to resolve factual disputes or to assume the truth of a defendant's narrative. <u>Khoja v. Orexigen Therapeutics, Inc.</u>, 899 F.3d 988, 998–1003 (9th Cir. 2018). Changing online Terms/Policies, contested assent, and competing versions typically preclude use of

OPPOSITION TO MOTION TO DISMISS

these doctrines to adjudicate "consent" at Rule 12.3

If the Court considers extra-pleading material to resolve disputes, the motion converts to summary judgment and parties must be given a reasonable opportunity to present pertinent material. Fed. R. Civ. P. 12(d).

**E.  Equitable Relief Pleaded in the Alternative**

The Federal Rules expressly permit pleading legal and equitable remedies in the alternative. Fed. R. Civ. P. 8(d)(2). While Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020), requires a showing that no adequate remedy at law exists to obtain equitable monetary relief, courts routinely hold that issue is not resolved on a bare Rule 12 record and that plaintiffs may plead equitable remedies alongside legal claims at this stage.

Plaintiff further alleges—and can amend to clarify if the Court desires—that there is no adequate remedy at law for the ongoing loss of privacy and control over personal data and the continuing dissemination of that data; monetary damages alone cannot halt or remediate these continuing harms, making injunctive and declaratory relief necessary. See Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020).

**F.  Browsewrap/Clickwrap "Consent" (enforceability is fact-intensive)**

Whether online terms provide assent turns on conspicuous notice and unambiguous manifestation of assent, issues typically unsuitable for resolution on a motion to dismiss where the design and user flow are disputed. See Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1177–79 (9th Cir. 2014); Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 856–59 (9th Cir. 2022).

**G.  Local Rule 7-3 (C.D. Cal.)**

Before filing most motions, counsel must confer in real time "to discuss thoroughly" the substance of the contemplated motion at least seven days prior to filing. Email exchanges are not a substitute for the live conference; noncompliance may warrant denial without prejudice or continuance.

OPPOSITION TO MOTION TO DISMISS

## H. Wiretap Act (ECPA), 18 U.S.C. § 2511

To state a claim, Plaintiffs must plausibly allege an "interception" of the contents of an electronic communication, or that Defendant procured such interception. 18 U.S.C. § 2511(1)(a), (d).

### 1. "Contents."

Includes information concerning the substance or meaning of a communication; URL paths, search terms, or granular headers revealing specific page requests can qualify (beyond mere domain names). In re Zynga Privacy Litig., 750 F.3d 1098, 1106–09 (9th Cir. 2014); In re Facebook Internet Tracking Litig., 956 F.3d 589, 606–07 (9th Cir. 2020).

### 2. Party exception / consent.

A defendant's status as a party to a different communication does not defeat liability for interceptions of communications between a user and third-party websites; "consent" must be informed and specific, and its scope is fact-dependent. Facebook Internet Tracking, 956 F.3d at 608–09.

### 3. Contemporaneity.

Interception must occur contemporaneously with transmission; whether particular technologies achieve contemporaneous acquisition is a factual question. Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 878 (9th Cir. 2002).

## I. Stored Communications Act (SCA), 18 U.S.C. §§ 2701, 2702

The SCA protects the privacy of electronic communications held by service providers. It creates two distinct civil liability tracks: (1) unauthorized access to communications in storage on a qualifying facility (§ 2701), and (2) unlawful disclosure of communications by a service provider (§ 2702). Private plaintiffs may recover under § 2707.

### 1. § 2701 (Access).

Prohibits intentionally accessing without authorization (or exceeding authorization) a facility through which an electronic communication service is

provided and thereby obtaining access to a wire or electronic communication while it is in electronic storage. <u>Theofel v. Farey-Jones</u>, 359 F.3d 1066, 1075–77 (9th Cir. 2004) (interpreting "electronic storage" and improper access).

### 2. § 2702 (Provider disclosure).

Prohibits an ECS or RCS provider from knowingly divulging the contents of communications to third parties, subject to enumerated exceptions. Whether a defendant acted as an ECS/RCS provider and whether any exception applies are fact-intensive inquiries.

### J. COPPA (15 U.S.C. § 6501 et seq.) and Equitable Relief

COPPA's enforcement scheme vests damages remedies in the FTC and state attorneys general; private plaintiffs generally cannot recover damages under COPPA. Plaintiffs may, however, seek declaratory and injunctive relief consistent with federal question jurisdiction and the Declaratory Judgment Act where they plausibly allege ongoing conduct that contravenes COPPA's notice/consent requirements, subject to Article III and equitable principles.

### K. Section 230 (47 U.S.C. § 230)

Section 230(c)(1) bars claims treating a provider as the publisher or speaker of information provided by another. It does not apply to a defendant's own data-collection, tracking, sharing, or misrepresentations. <u>See</u> <u>Fair Hous. Council v. Roommates.com, LLC</u>, 521 F.3d 1157, 1164–67 (9th Cir. 2008) (en banc). Section 230 Does Not Immunize Roblox's Own Tracking and Data-Collection Conduct. Defendant's §230 argument fails because Plaintiff does not seek to hold Roblox liable as the "publisher or speaker" of third-party content. <u>See</u> <u>Barnes v. Yahoo!, Inc.</u>, 570 F.3d 1096, 1101–02 (9th Cir. 2009) (Section 230 applies only when a claim treats the defendant "as the publisher or speaker" performing traditional editorial functions). Plaintiff challenges Roblox's own conduct—its design and deployment of code that collects, shares, and monetizes users' data—not the republication of someone else's content. Ninth Circuit authority makes clear that §230 immunity

OPPOSITION TO MOTION TO DISMISS

does not reach claims based on a platform's product design or other first-party conduct. *See* <u>Lemmon v. Snap, Inc.</u>, 995 F.3d 1085, 1091–93 (9th Cir. 2021) (no §230 bar where claim targets defendant's product design rather than third-party content); <u>Doe v. Internet Brands, Inc.</u>, 824 F.3d 846, 851–52 (9th Cir. 2016) (failure-to-warn claim not barred; duty independent of publisher role). And even where third-party activity appears in the factual background, §230 does not apply if the defendant "materially contributes" to the challenged conduct. <u>Fair Hous. Council v. Roommates.com, LLC</u>, 521 F.3d 1157, 1166–68 (9th Cir. 2008) (en banc). Here, Roblox's tracking architecture and data flows are its own—§230 is therefore inapposite. *See also* <u>In re Facebook, Inc. Internet Tracking Litig.</u>, 956 F.3d 589, 595–604 (9th Cir. 2020) (allowing privacy and Wiretap/CIPA claims to proceed based on platform's own off-site tracking; case underscores that such claims target first-party conduct, not third-party content).

**L. Leave to Amend**

Dismissal should be with leave to amend unless amendment would be futile. Fed. R. Civ. P. 15(a)(2); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

**V.   THRESHOLD ISSUES**

**A. Substantive Threshold Issues**

Roblox's motion depends on a sprawling Request for Judicial Notice ("RJN") attaching historical online Terms of Use and Privacy/Cookie Policies and a prior complaint. None of these materials may be used to prove disputed merits facts—such as "consent," notice, or technical operation—on a Rule 12 record.

**1.   Governing rules (RJN, incorporation, and Rule 12(d))**

A Rule 12(b)(6) motion is generally confined to the four corners of the complaint. Fed. R. Civ. P. 12(d).

**a.   Judicial notice (FRE 201)**

Courts may notice the existence and dates of public documents, but not the

OPPOSITION TO MOTION TO DISMISS

truth of disputed statements within them. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689–90 (9th Cir. 2001); <u>Daniels-Hall v. Nat'l Educ. Ass'n</u>, 629 F.3d 992, 998–99 (9th Cir. 2010).

### b.  Incorporation-By-Reference

Applied "sparingly" and never to accept a defendant's narrative or resolve factual disputes about what the documents mean. <u>Khoja v. Orexigen Therapeutics, Inc.</u>, 899 F.3d 988, 998–1003 (9th Cir. 2018); <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). If the Court were to consider extra-pleading materials to resolve disputes (e.g., whether users consented or how systems function), the motion converts to summary judgment and Plaintiffs must be given a fair chance for discovery. Fed. R. Civ. P. 12(d).

### 2.  Historical TOUs/Privacy Policies cannot prove "consent" or notice at Rule 12

Roblox offers multiple, shifting versions of its online TOUs/Policies to establish that Plaintiffs consented, were on notice, or that certain practices were disclosed. That is improper for the following three reasons.

#### a.  <u>Truth vs. existence.</u>

Even if noticed, these exhibits can establish only that such pages existed on certain dates—not that Plaintiffs saw, assented to, or understood them, nor that the language means what Roblox says. <u>Lee</u>, 250 F.3d at 689–90.

#### b.  <u>Not "necessarily relied on."</u>

The Complaint challenges the adequacy and enforceability of Roblox's disclosures and alleged "consent"; it does not adopt or rely on the TOUs/Policies. Incorporation therefore does not apply. <u>Khoja</u>, 899 F.3d at 1002–03 (warning against "overuse and improper application" of the doctrine).

#### c.  <u>Fact disputes abound.</u>

Assent (browsewrap/clickwrap design, placement, flow), scope of any consent, and timing across different versions are fact-intensive and cannot be

10

OPPOSITION TO MOTION TO DISMISS

resolved on a motion to dismiss—especially where minors are involved and COPPA-compliant notice/consent is at issue. *See* <u>Nguyen v. Barnes & Noble Inc.</u>, 763 F.3d 1171, 1177–79 (9th Cir. 2014); <u>Berman v. Freedom Fin. Network, LLC</u>, 30 F.4th 849, 856–59 (9th Cir. 2022).

This is dispositive for Roblox's ECPA/SCA defenses: whether there was informed, specific consent (ECPA), whether Roblox acted as an ECS/RCS provider and lawfully disclosed contents (§ 2702), and whether any exception applies are classic merits questions.

### 3. Prior complaint (RJN Ex. [7]) is notice-only

A prior complaint can be noticed for existence and filing, not for the truth of its allegations or as a back-door evidentiary submission. *See* <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Roblox cannot use it to contradict Plaintiffs' allegations or to import facts not pled here.

### 4. If the Court considers any of these materials, it must cabin their use—or convert

At most, the Court may take notice of the existence and dates of the webpages and the filing of the prior complaint. Any use beyond that (to prove "consent," technical operation, or notice) would resolve factual disputes and require conversion under Rule 12(d), which is inappropriate before discovery.

As such, Plaintiffs pray that this Court Deny the RJN in substantial part or limit any notice to existence/date only; disregard arguments that depend on the truth of RJN materials; and decide the motion based on the Complaint. In the alternative, if the Court is inclined to rely on these materials for disputed facts, continue the motion and allow targeted discovery consistent with Rule 12(d).

## B. Procedural Threshold Issues

### 1. Defendant's Motion Should Be Denied or Continued for Failure to Comply with C.D. Cal. L.R. 7-3

Local Rule 7-3 requires a real-time pre-filing conference at least seven days

OPPOSITION TO MOTION TO DISMISS

before filing to "discuss thoroughly" the contemplated motion. Defendant did not comply. By counsel's own admission, the only live conference occurred on July 21, 2025, and defense counsel acknowledged that date "would fall outside of the seven-day meet and confer period." (White Decl. ¶¶ 3–4.) Emails on July 14 were merely to schedule a conference (id. ¶ 2) and do not satisfy the Rule. Because the movant failed to hold a timely live conference before filing on July 23, 2025, the Court should deny the motion without prejudice or, at minimum, continue the hearing and order a compliant conference; the Court should also decline to consider grounds not disclosed in a timely meet-and-confer. C.D. Cal. L.R. 7-3.

### 2. The Court Should Decline to Consider Defendant's Extra-Pleading Materials

Defendant's motion turns on a sprawling RJN (Exs. 1–7) comprising multiple, evolving online Terms of Use and Privacy Policies and a prior complaint. None may be used to resolve disputed merits issues on Rule 12.

### a. Judicial Notice Is Limited; Truth of Disputed Matters Is Out of Bounds.

Courts may notice the existence and date of certain materials, but not the truth of reasonably disputed assertions within them. Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998–99 (9th Cir. 2010). The shifting website terms (RJN Exs. 1–6) are offered to prove "consent," "disclosure," and user notice—quintessentially disputed facts—and thus are not proper subjects of notice for their truth. The prior complaint (RJN Ex. 7) may be noticed only for its filing and existence, not for the truth of allegations. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

### b. Incorporation-by-Reference Cannot Be Used to Rewrite the Pleadings.

Incorporation is a "narrow" doctrine applied "sparingly," and it cannot be used to accept the defendant's narrative or to resolve factual disputes about assent, scope,

OPPOSITION TO MOTION TO DISMISS

or timing. <u>Khoja v. Orexigen Therapeutics, Inc.</u>, 899 F.3d 988, 998–1003 (9th Cir. 2018); <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiffs do not "necessarily rely" on Defendant's evolving TOUs/Policies; to the contrary, they challenge their adequacy and enforceability. That forecloses incorporation at this stage.

### c. If the Court Considers These Materials, Rule 12(d) Requires Cabining Their Use—or Conversion.

Considering matters outside the pleadings to resolve disputed facts converts the motion to summary judgment. Fed. R. Civ. P. 12(d). No discovery has occurred; conversion would require affording Plaintiffs a reasonable opportunity to present pertinent material—which underscores why the RJN should be denied or strictly limited to existence/date only.

Requested relief: Deny or continue the Motion for L.R. 7-3 noncompliance; deny the RJN (or limit any notice to existence/date only), and decide the motion based on the four corners of the Complaint.

## VI.    **ARTICLE III STANDING**

Roblox's facial standing challenge fails. On a Rule 12(b)(1) facial attack, the Court accepts the Complaint's well-pled allegations as true and draws all reasonable inferences in Plaintiffs' favor. <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004); <u>Maya v. Centex Corp.</u>, 658 F.3d 1060, 1067 (9th Cir. 2011). Plaintiffs adequately allege injury-in-fact, traceability, and redressability for both damages (ECPA/SCA) and equitable relief (COPPA-aligned injunction/declaration).

### A. **Concrete Injury-in-Fact (Damages)**

#### 1.  **Substantive privacy invasions are concrete.**

Plaintiffs allege contemporaneous interception of the contents of their electronic communications (ECPA) and unauthorized access/disclosure of communications in electronic storage (SCA). Those invasions have a close

OPPOSITION TO MOTION TO DISMISS

relationship to traditionally recognized privacy harms and are concrete under Spokeo, Inc. v. Robins, 578 U.S. 330, 340–42 (2016), and TransUnion LLC v. Ramirez, 594 U.S. 413, 426–33 (2021). *See also* In re Facebook Internet Tracking Litig., 956 F.3d 589, 598–604 (9th Cir. 2020) (unauthorized web-tracking and disclosure confer Article III injury); Patel v. Facebook, Inc., 932 F.3d 1264, 1272–74 (9th Cir. 2019) (privacy invasion itself is concrete).

### 2. Economic harm independently suffices.

Plaintiffs also allege economic injury (e.g., loss of the benefit of their bargain and the diminished value/control of their data and device resources). Economic loss is paradigmatic injury-in-fact. *See* Maya, 658 F.3d at 1069–70.

### 3. No "bare informational injury."

Plaintiffs do not plead a mere failure to receive information; they allege substantive interceptions/access and misuse of communications data. TransUnion distinguishes between risk-only claims and completed violations causing concrete harm; Plaintiffs allege the latter.

## B. Traceability

The injuries are sufficiently traceable to Defendant's conduct: Defendant designed and operated the data-collection, tracking, and disclosure practices at issue; the harms flow directly from those practices including the misrepresentations/omissions related therefrom. Defendant's attempt to recast this as injury caused by third parties misstates the allegations; Plaintiffs challenge Defendant's own data practices and statements. *Cf*. In re Facebook Internet Tracking, 956 F.3d at 599–601.

## C. Redressability

Monetary damages and restitution will remedy past harms; declaratory and injunctive relief will address ongoing and future harms by requiring accurate disclosures and lawful data practices. That satisfies redressability. *See* Maya, 658 F.3d at 1069–70.

**D. <u>Prospective Standing for Equitable Relief (COPPA-Aligned)</u>**

To pursue prospective relief, a plaintiff must plausibly allege a real and immediate threat of continued harm or an inability to rely on the defendant's disclosures. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102–06 (1983); <u>Davidson v. Kimberly-Clark Corp.</u>, 889 F.3d 956, 969–70 (9th Cir. 2018). The Complaint alleges ongoing exposure to the challenged data-collection and disclosure practices and seeks forward-looking relief to bring Roblox's child-data practices into compliance. That suffices at the pleading stage. To the extent any one representative has ceased using the platform (e.g., a minor who disaffirmed and stopped use), other representatives who remain exposed (or intend reasonably to use the service again but cannot rely on Roblox's disclosures) supply injunctive standing; which representative may pursue prospective relief is a class-certification issue, not a Rule 12 basis for dismissal.

**E. <u>Minors and Disaffirmance Do Not Defeat Damages Standing</u>**

A minor's disaffirmance voids contractual terms at the minor's option; it does not erase past privacy invasions. A disaffirming minor who ceased use still has standing to seek damages and declaratory relief for completed ECPA/SCA violations. Roblox's arguments about TOU-based "consent" go to merits defenses— not Article III—and, as to a disaffirming minor, those contract defenses are weakened or unavailable.

**F. <u>"Informational Injury" Mischaracterization</u>**

Defendant's assertion that Plaintiffs allege only a bare "informational injury" is wrong. Plaintiffs plead substantive privacy invasions, misuse of personal data, and economic loss—each independently concrete under <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 340–42 (2016), and Ninth Circuit data-privacy precedent.

Plaintiffs plausibly allege (1) concrete privacy and economic injuries, (2) fairly traceable to Roblox's own conduct, and (3) redressable by damages, declaratory, and injunctive relief. The Article III challenge should be denied.

15

OPPOSITION TO MOTION TO DISMISS

## VII.    THE COMPLAINT STATES CLAIMS; DEFENDANTS' MERITS ARGUMENTS RAISE FACT DISPUTES

Roblox asks the Court to resolve factual disputes about how its systems work, what users (including minors) actually saw and consented to, and whether statutory exceptions apply. That is not Rule 12 territory. Taking the well-pled allegations as true, each claim is plausibly alleged; Roblox's defenses (party/consent, "no contents," "own facility," exceptions) are fact-bound and premature.

### A. Wiretap Act (ECPA), 18 U.S.C. § 2511 — Sufficiently Pled

#### 1. Interception of "contents."

The Complaint alleges contemporaneous acquisition of the substance of users' communications—e.g., specific page paths, queries, and interaction data revealing what users said/requested—while those communications were in transit. That qualifies as "contents" at the pleading stage (beyond bare domain names or generalized headers). *See* In re Zynga Privacy Litig., 750 F.3d 1098, 1106–09 (9th Cir. 2014) (distinguishing domain-only referrers from URL strings revealing substance); In re Facebook Internet Tracking Litig., 956 F.3d 589, 606–07 (9th Cir. 2020).

#### 2. Contemporaneity is a fact question.

Whether Roblox's instrumentation acquires communications during transmission (as opposed to after storage) turns on technical facts not suitable for resolution now. *See* Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 878 (9th Cir. 2002).

#### 3. Party/consent defenses can't be resolved on the pleadings.

Roblox's "we were a party" and "users consented" arguments raise classic fact disputes—what screens were presented, how conspicuous, what minors or parents saw, whether consent was informed/specific, and whether it covered the challenged interceptions. Facebook Internet Tracking, 956 F.3d at 608–09 (rejecting dismissal on party/consent theories where consent's scope and disclosure were

disputed).

### 4. Procurement liability.

The Complaint also alleges Roblox procured interceptions by others; procurement is independently actionable under § 2511(1). Whether that occurred is factual.

As such, the ECPA claim should proceed.

### B. Stored Communications Act (SCA), 18 U.S.C. §§ 2701 & 2702 — Sufficiently Pled

Overview. The SCA protects communications in provider custody through two liability tracks: (i) unauthorized access to communications in electronic storage on a qualifying facility (§ 2701), and (ii) unlawful disclosure of contents by an ECS/RCS provider (§ 2702).

### 1. § 2701 (Access).

Plaintiffs plausibly allege intentional access, without authorization or exceeding authorization, to communications in "electronic storage." Whether the repositories at issue (provider-side servers, caches, or analogous systems) are a "facility through which an ECS is provided" and whether the data was in "electronic storage" (subparts A/B) are mixed questions of law and fact not amenable to Rule 12 dismissal. *See* Theofel v. Farey-Jones, 359 F.3d 1066, 1075–77 (9th Cir. 2004).

### 2. § 2702 (Provider disclosure).

Plaintiffs also allege Roblox, acting as an ECS/RCS provider, knowingly divulged the contents of communications to third parties without valid consent. Liability turns on Roblox's role for the specific communications, whether the information divulged constitutes contents, and whether any exception (e.g., user consent, ordinary course of business) applies—each a fact-intensive inquiry inappropriate for dismissal.

As such, the SCA claims should proceed on both access and provider-disclosure theories pleaded in the alternative.

OPPOSITION TO MOTION TO DISMISS

**C. COPPA-Aligned Declaratory and Injunctive Relief — Plausibly Alleged;
At Minimum, Dismissal Is Not Warranted With Prejudice**

Plaintiffs seek forward-looking relief aligning Roblox's child-data practices
with COPPA's notice/verified-parental-consent regime. Roblox's objections raise
merits and remedial questions better addressed on a fuller record (e.g., what
information was collected from minors, what notices were given to parents, what
verification occurred). To the extent the Court concludes private plaintiffs cannot
obtain COPPA-specific equitable relief, that issue does not affect Plaintiffs' federal
damages claims (ECPA/SCA). In any event, any narrowing should be without
prejudice and with leave to amend to re-plead equivalent prospective relief tethered
to the surviving claims (and/or to add an appropriate state-law predicate).

**D. Roblox's Consent-Based Merits Defenses Are Premature**

Roblox's motion leans on historical TOUs/Privacy Policies to argue informed
consent and disclosures. As explained in the Threshold section, those evolving
website documents cannot be used to prove "consent" on a Rule 12 record.
Enforceability of browsewrap/clickwrap designs, assent by minors, scope and timing
of any consent, and whether disclosures were adequate are all fact questions. *See*
Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1177–79 (9th Cir. 2014); Berman
v. Freedom Fin. Network, LLC, 30 F.4th 849, 856–59 (9th Cir. 2022).

**E. Section 230 Does Not Bar These Claims**

Plaintiffs do not seek to treat Roblox as the publisher or speaker of
information provided by another. The claims target Roblox's own interception,
access, and disclosure of communications and its own data-collection architecture—
conduct outside § 230(c)(1). *See* Fair Hous. Council v. Roommates.com, LLC, 521
F.3d 1157, 1164–67 (9th Cir. 2008) (en banc).

**F. Minors, Disaffirmance, and Consent**

To the extent a minor representative disaffirmed and ceased use, that
undercuts Roblox's reliance on contractual consent/waiver defenses and does not

OPPOSITION TO MOTION TO DISMISS

defeat damages standing for past invasions. For minors who remain users, whether any parental notice/verification satisfied COPPA and whether any consent was informed/specific are factual disputes inappropriate for Rule 12.

### G. Conclusion

The Complaint plausibly alleges ECPA and SCA violations and seeks appropriate prospective relief; Roblox's contrary arguments depend on disputed facts about technology, roles, and consent that cannot be resolved on a motion to dismiss. The motion should be denied.

## VIII.    VIII. Defendant's Defenses Fail at the Pleading Stage

Roblox's motion leans on defenses that either (i) depend on disputed facts (consent, technology, roles, exceptions) or (ii) are legally misplaced on a Rule 12 record. None warrants dismissal.

### A. "Consent" and the ECPA "Party" Defense Are Fact Questions

Whether users (or parents of minors) saw, understood, and assented to disclosures—and the scope/timing of any purported consent—turns on screen design, placement, and flow. Those disputes cannot be resolved via an RJN and are inappropriate for Rule 12. The ECPA "party" defense likewise fails on the pleadings where the interception alleged concerns communications with third-party endpoints and the scope of any consent is disputed.

### B. "No Contents" and Contemporaneity Cannot Be Resolved Now

The Complaint alleges acquisition of URL paths, queries, and interaction data revealing the substance/meaning of communications (beyond domain-only referrers) and alleges contemporaneous capture during transmission. Whether the instrumentation captured "contents," and whether acquisition was contemporaneous, are technical merits issues for discovery—not grounds for dismissal.

### C. SCA "Own Facility," "No Electronic Storage," and § 2702 Exceptions Are Fact-Bound

Roblox's assertions that it accessed only "its own facility," that the data was

19
OPPOSITION TO MOTION TO DISMISS

not in "electronic storage," or that § 2702 disclosures fit an exception (e.g., consent, ordinary course of business) raise mixed questions of law and fact. Determining (1) what repository is at issue, (2) whether it is a facility through which an ECS is provided, (3) whether the data fits § 2510(17) storage (A or B), (4) the role Roblox played (ECS/RCS provider for the specific communications), and (5) the applicability and scope of any exception cannot be done on the pleadings.

### D. Section 230 Does Not Apply to First-Party Data Collection

Plaintiffs challenge Roblox's own interception, access, and disclosure architecture—not its publication of third-party content. Section 230(c)(1) is therefore inapposite.

### E. COPPA Arguments Do Not Defeat the Case

Plaintiffs seek declaratory and injunctive relief aligned with COPPA's notice/verified-parental-consent regime; they do not seek private COPPA damages. Any debate over the precise framing of prospective relief is a remedial question, not a basis to dismiss the federal damages claims (ECPA/SCA). At most, any narrowing should be without prejudice and with leave to amend the injunctive framing.

### F. Arbitration/Forum-Selection Is Not a Rule 12(b)(6) Vehicle

To the extent Roblox relies on online terms to compel arbitration or enforce forum-selection/class waivers, that must be raised via the FAA or transfer standards on an appropriate record. Assent/enforceability—especially as to minors and any disaffirmance—are fact questions that cannot be resolved through an RJN on a motion to dismiss.

### G. RJN Reliance Cannot Carry the Day

As explained in the Threshold section, historical TOUs/Policies may (at most) be noticed for existence/date, not to prove consent, notice, or technical facts. Using them for the latter would require conversion under Rule 12(d), which is improper before discovery.

### H. Injunctive-Standing Attacks Do Not Defeat Damages Claims

OPPOSITION TO MOTION TO DISMISS

Even if the Court later limits which representative may pursue prospective relief, that has no effect on the ECPA/SCA damages claims. Disputes about injunctive standing are properly addressed at class certification, not via Rule 12 dismissal.

## I. <u>Conclusion</u>

Roblox's defenses either rest on contested facts or are procedurally misdirected. They do not justify dismissal at the pleading stage.

## IX. <u>IX. If Any Deficiency Is Found, Leave to Amend Should Be Freely Granted</u>

Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend be "freely" given when justice so requires. The Ninth Circuit applies this policy with "extreme liberality," and the factors in <u>Foman v. Davis</u>—undue delay, bad faith, prejudice, repeated failure to cure, and futility—do not justify denial here. *See*, *e.g.*, <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051–52 (9th Cir. 2003); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). If the Court identifies any pleading gap, Plaintiffs can amend to add additional factual detail regarding (among other things) the nature and pathway of the interceptions and disclosures at issue; the categories of content captured; the timing and mechanics of any purported "consent," including age-gating and parental authorization; the storage "facility" accessed; and the ongoing risk of future harm. Because amendment would not unduly delay proceedings or prejudice Roblox, any dismissal should be without prejudice and with leave to amend.

## X. <u>X. Alternative Relief: If the Court Considers Extra-Pleading Materials, It Should Convert Under Rule 12(d) and Permit Targeted Discovery</u>

As explained above, Roblox's motion invites the Court to rely on evolving website Terms of Use/Privacy Policies and factual assertions about user assent and "consent." If the Court concludes any of those matters must be considered to resolve

the motion, Rule 12(d) requires conversion to summary judgment and affording Plaintiffs "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Plaintiffs have had no discovery. At minimum, limited, targeted discovery would be necessary on (1) versions, timing, and presentation of the Terms/Policies shown to each Plaintiff; (2) Roblox's records of acceptance (including device, IP, and age-gating flows); (3) parental-consent workflows and logs for minor accounts; (4) data flows identifying what content versus metadata was intercepted, when, and by whom (including third-party SDKs/scripts); and (5) the systems or "facilities" accessed. Following such discovery, the Court could resolve any properly supported Rule 56 issues on a complete record. Short of conversion, the Court should simply disregard extra-pleading materials and decide the motion on the four corners of the Complaint.

## XI.    XI. Conclusion

Roblox's motion should be denied in full. The Court should (1) deny or continue the motion for failure to comply with L.R. 7-3; (2) deny or limit the RJN and decline to rely on extra-pleading materials for the truth of disputed matters; and (3) hold that the Complaint plausibly states claims under the ECPA, SCA, and COPPA-related theories and that Roblox's defenses raise fact questions not suitable for Rule 12. Alternatively, if the Court considers extra-pleading materials, it should convert the motion under Rule 12(d) and permit targeted discovery. In all events, if the Court identifies any deficiency, dismissal should be without prejudice and with leave to amend. Plaintiffs respectfully request oral argument.


RESPECTFULLY SUBMITTED

Dated: August 13, 2025


_____

Robert B. Salgado, Esq.
Attorney for Plaintiffs

22

OPPOSITION TO MOTION TO DISMISS

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains **6,112** words, which complies with the word limit of L.R. 11-6.1.

Dated: August 13, 2025

_____

Robert B. Salgado, Esq.

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

Garcia, *et al.* v. Roblox Corporation
Case No. 2:25-cv-03476

I hereby certify a copy of the foregoing was served electronically via the Court's electronic filing system this 13TH day of August, 2025 to the attorneys of record herein.

| | |
|---|---|
| Elaine F. Harwell (Bar No. 242551)<br>E-mail:elaine.harwell@procopio.com<br>Sean M. Sullivan (Bar No. 254372)<br>E-mail:sean.sullivan@procopio.com<br>Benjamin White (Bar No. 339169)<br>E-mail:benjamin.white@procopio.com<br>Procopio, Cory, Hargreaves & Savitch LLP<br>525 B Street, Suite 2200 San Diego, CA 92101<br>Telephone: 619.238.1900<br>Facsimile: 619.235.0398 | *ATTORNEYS FOR DEFENDANT:*<br><br>ROBLOX CORPORATION |

Executed on this 13th day of August, 2025, at San Diego, California.

/s/ Robert Salgado

Robert B. Salgado, Attorney for Plaintiffs