Morgan D. Ross, Esq. (SBN 270650)
Robert B. Salgado, Esq. (SBN 297391)
**COUNTERPOINT LEGAL**
600 B Street, Ste 1550
San Diego, CA 92101
Tel: (619) 780-3303
Fax: (619) 344-0332
morgan@counterpointfirm.com
rsalgado@counterpointfirm.com

*Attorneys for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GARCIA, SALENA GARCIA, AND R.G., a minor by and through her guardians Michael Garcia and Salena Garcia, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>vs.<br>ROBLOX CORPORATION,<br>Defendant | Case No.: 2:25-cv-03476<br><br>**PLAINTIFFS' OPPOSITION TO ROBLOX CORPORATION'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Date: August 22, 2025<br>Time: 1:30 p.m.<br>Dept: 9B<br>Judge: Judge Wesley L. Hsu |

## I. INTRODUCTION

Defendant's Request for Judicial Notice ("RJN") tries to expand the Rule 12 record with materials that are disputed, unauthenticated, or irrelevant—and then asks the Court to accept their contents as true to defeat plausibility. That is

precisely what Federal Rule of Evidence 201 and Ninth Circuit precedent forbid. Judicial notice is limited to adjudicative facts "not subject to reasonable dispute" and "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and even then, notice typically extends only to a document's existence and date, not the truth of the matters asserted. *See* Fed. R. Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 688–90 (9th Cir. 2001); Von Saher v. Norton Simon Museum, 592 F.3d 954, 960 (9th Cir. 2010). Likewise, incorporation by reference is a "narrow" doctrine that applies only when the complaint necessarily relies on the specific document, its authenticity is uncontested, and it is not used to contradict the pleadings. *See* Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998–1003 (9th Cir. 2018); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Here, Defendant proffers extra-record materials (including corporate webpages, policy documents, and third-party materials) to inject their own narrative and disputed "facts" at the pleadings stage. Those exhibits are not the sort of indisputable sources contemplated by Rule 201, and Defendant's use of them—to draw inferences and contradict well-pled allegations—violates the limits articulated in Lee and Khoja. *See*, e.g., Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1034–38 (C.D. Cal. 2015) (declining notice of corporate website content for truth). To the extent Defendant urges the Court to rely on these materials for their truth or to resolve factual disputes, Rule 12(d) would require conversion to summary judgment—an improper result on the first responsive pleading and prior to discovery.

The Court should deny the RJN in full. At a minimum, any notice should be strictly limited to the existence and date of genuinely noticeable documents, with no acceptance of the truth of their contents, no adverse inferences against Plaintiffs, and no incorporation by reference where the Complaint does not necessarily rely on the document or where authenticity, completeness, or operative

version is disputed. The Court should also disregard any portions of the motion to dismiss that rely on extra-record "facts."

## II. LEGAL STANDARD

### A. Scope of the Rule 12 Record

On a Rule 12(b)(6) motion, the Court generally may consider only the complaint, documents attached to the complaint, matters properly subject to judicial notice, and documents incorporated by reference. If the Court considers other materials for the truth of their contents, the motion must be converted to one for summary judgment under Rule 12(d) with appropriate notice and an opportunity for discovery. *See* Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Fed. R. Civ. P. 12(d).

### B. Judicial Notice (FRE 201)

Judicial notice is "a narrow exception" applicable only to adjudicative facts that are "not subject to reasonable dispute," meaning they are either generally known within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018). Even when a document is judicially noticeable (e.g., a public record), notice typically extends only to the existence of the document and the fact that statements were made—not to the truth of those statements or to inferences drawn therefrom. Lee, 250 F.3d at 689–90; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

Courts routinely decline to notice corporate websites, marketing pages, press releases, and similar materials for the truth of their contents because their accuracy can reasonably be questioned and they contain hearsay or advocacy. *See* Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1030–39 (C.D. Cal. 2015). Likewise, facts asserted in government documents may remain subject to reasonable dispute and therefore are not noticed for their truth absent

indisputability. *See* Khoja, 899 F.3d at 999–1001.

**C. Incorporation by Reference (IBR)**

The incorporation-by-reference doctrine is distinct and "should be applied with caution." Khoja, 899 F.3d at 998. It permits consideration of a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," provided its authenticity is not contested and relevance is undisputed. United States v. Ritchie, 342 F.3d 903, 908–09 (9th Cir. 2003); Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). Critically, IBR cannot be used to resolve factual disputes or to contradict well-pleaded allegations; those are merits issues. Khoja, 899 F.3d at 1002–03. Nor does "context" permit a party to smuggle in extra-record facts beyond what the complaint necessarily relies upon. *See id.*; cf. Knievel v. ESPN, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (limited context use).

**D. Evidentiary Limits and Burden**

The proponent bears the burden to show that each exhibit is properly noticed or incorporated and for what limited purpose. Doubts are resolved against notice at the pleadings stage. *See* Khoja, 899 F.3d at 999–1001. Independently, ordinary evidentiary rules bar reliance on extra-record materials that are irrelevant (FRE 401–02), unduly prejudicial or confusing (FRE 403), hearsay offered for its truth (FRE 801–03), or unauthenticated/incomplete (FRE 901). Where a document's version, date, completeness, or reliability is reasonably disputable—as is common with evolving website policies and third-party articles—judicial notice and IBR are improper or must be strictly limited to existence and operative dates only.

## III. EXHIBIT-BY-EXHIBIT OBJECTIONS

**A. Overview**

Defendant offers a stack of changing Terms of Use ("TOU") and Privacy & Cookie Policies (four different versions across 2023–2024) plus a state-court complaint. None is properly considered for the truth of its contents on a Rule 12

motion, and none is incorporated by reference because the Complaint does not "necessarily rely" on any specific version to state a claim, Plaintiffs dispute authenticity/effective dates/operative language, and Defendant proffers them to contradict well-pleaded allegations. *See* Fed. R. Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 688–90 (9th Cir. 2001); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998–1003 (9th Cir. 2018); United States v. Ritchie, 342 F.3d 903, 908–09 (9th Cir. 2003); Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010); Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1034–38 (C.D. Cal. 2015).

The serial policy/TOU versions underscore why judicial notice and incorporation are improper: the "operative" text, effective dates, presentation to users, assent, and authenticity are all reasonably disputed and fact-intensive—issues that cannot be resolved on the pleadings.

**B. Exhibit-by-Exhibit**

Exhibit 1 — Roblox Terms of Use (dated April 15, 2023)

*Proffered purpose (per RJN)***:** Establish notice/assent/consent and product "context."

*Objections*: Not a proper subject of notice for its truth; accuracy and completeness reasonably disputable; not "necessarily relied upon" by the Complaint; used to contradict allegations (improper under Khoja, 899 F.3d at 1002–03). FRE 201(b), 401–03, 801, 901.

*Proper limitation (if any)*: Existence and stated date only—no truth, no inferences, no IBR.

Exhibit 2 — Roblox Privacy & Cookie Policy (dated March 15, 2023)

*Proffered purpose*: Prove disclosures/consent and benign data practices.

*Objections*: Same as Ex. 1; additionally, "privacy policy" assertions are hearsay/advocacy and not from sources whose accuracy cannot reasonably be questioned. See Gerritsen, 112 F. Supp. 3d at 1034–38.

*Proper limitation*: Existence/date only.

Exhibit 3 — Roblox Terms of Use (dated August 12, 2024)

*Proffered purpose*: Show later policy language to defeat plausibility or prove consent.

*Objections*: Multiple, evolving versions heighten disputes about which version governed which class members and when; authenticity, version control, and user presentation/assent are factual questions. Not incorporated; cannot be noticed for truth. Khoja, 899 F.3d at 1002–03.

*Proper limitation*: Existence/date only.

Exhibit 4 — Roblox Privacy & Cookie Policy (dated September 20, 2024)

*Proffered purpose*: Same.

*Objections*: Same as Ex. 2/3; cannot be used to contradict allegations about undisclosed tracking or consent. Lee, 250 F.3d at 689–90.

*Proper limitation*: Existence/date only.

Exhibit 5 — Roblox Terms of Use (dated November 6, 2024)

*Proffered purpose*: Same.

*Objections*: Same as Ex. 1/3; additional prejudice/confusion from cherry-picking later language to defeat earlier conduct. FRE 403.

*Proper limitation*: Existence/date only.

Exhibit 6 — Roblox Privacy & Cookie Policy (dated November 6, 2024)

*Proffered purpose*: Same.

*Objections*: Same as Ex. 2/4/5; not a government source; not indisputable; offered for truth to resolve factual disputes. FRE 201(b); Gerritsen, 112 F. Supp. 3d at 1034–38.

*Proper limitation*: Existence/date only.

Exhibit 7 — Roblox Complaint filed in California Superior Court

*Proffered purpose*: Suggest alternative factual narrative, "context," or preclusion-adjacent points.

*Objections*: The Court may notice the existence of filings and the fact they were made—not the truth of allegations or findings therein. *See* Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee, 250 F.3d at 690. Any use beyond existence/date is improper and irrelevant at Rule 12 (FRE 401/403). If offered for the truth of allegations, deny.

*Proper limitation*: Existence of the filing and its date only.

**C. References to Third-Party Websites Not Submitted as Exhibits**

The RJN also cites third-party web pages (vendor blogs/SDK docs/press/Wayback Machine) in the briefing. Those materials are not in the record and, even if attached, would not be judicially noticeable for their truth because their accuracy can reasonably be questioned and they are hearsay. *See* FRE 201(b); Gerritsen, 112 F. Supp. 3d at 1034–38. The Court should disregard arguments premised on such non-exhibit materials. *See* Fed. R. Civ. P. 12(d).

**D. Rule 12(d) Fallback**

To the extent the Court is inclined to consider any exhibit for the truth of its contents or to resolve factual disputes (e.g., consent/assent, the scope of data captured, or how technologies operate), it must either disregard those portions of Defendant's motion or convert to summary judgment under Rule 12(d)—which is premature at this stage without discovery and Rule 56 notice. See Lee, 250 F.3d at 688.

## IV. Conclusion

The Court should deny Defendant's Request for Judicial Notice in full. At a minimum, any notice should be limited to the existence and dates of Exhibits 1–6 (without accepting the truth of any statements or drawing inferences) and the existence and filing date of Exhibit 7. The Court should also disregard any portions of the motion to dismiss that rely on extra-record materials or disputed facts, or else convert under Rule 12(d) (which would be inappropriate at this juncture).

///

RESPECTFULLY SUBMITTED

Dated: August 13, 2025

Robert B. Salgado, Esq.
Attorney for Plaintiffs

# Appendix A — Exhibit Objections Table

| Ex. | Title / Date | Proffered Purpose | Objections | Proper Scope (if any) |
|---|---|---|---|---|
| 1 | Roblox Terms of Use (4/15/2023) | Prove notice/assent/consent; contradict allegations | Not judicially noticeable for truth; not necessarily relied upon; authenticity/effective date/presentation disputed; improper IBR (Khoja); FRE 201, 401–03, 801, 901 | Existence and date only |
| 2 | Roblox Privacy & Cookie Policy (3/15/2023) | Prove disclosures/consent; describe data practices | Corporate website content; hearsay; accuracy reasonably disputable; used to contradict allegations (Gerritsen; Lee) | Existence and date only |
| 3 | Roblox Terms of Use (8/12/2024) | Same | Multiple evolving versions create factual disputes over operative text and assent; not incorporated; offered for truth (Khoja) | Existence and date only |
| 4 | Roblox Privacy & Cookie Policy (9/20/2024) | Same | Not a source whose accuracy cannot reasonably be questioned; hearsay; not incorporated; FRE 201(b), 801 | Existence and date only |
| 5 | Roblox Terms of Use (11/06/2024) | Same | Same as Exs. 1/3; risk of prejudice/confusion from later language used to defeat earlier conduct (FRE 403) | Existence and date only |
| 6 | Roblox Privacy & Cookie Policy (11/06/2024) | Same | Not incorporated; authenticity/versioning/presentation disputed; offered for truth to resolve factual disputes; FRE 201(b) | Existence and date only |
| 7 | Roblox Complaint (Cal. Superior Ct.) | Suggest alternative narrative or preclusion | Court may notice existence/filing date, not truth of allegations (Reyn's Pasta Bella; Lee) | Existence and date only |

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains **1,765** words, which complies with the word limit of L.R. 11-6.1.

Dated: August 13, 2025

Robert B. Salgado, Esq.

Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

Garcia, *et al.* v. Roblox Corporation
Case No. 2:25-cv-03476

I hereby certify a copy of the foregoing was served electronically via the Court's electronic filing system this 13TH day of August, 2025 to the attorneys of record herein.

Elaine F. Harwell (Bar No. 242551)
E-mail:elaine.harwell@procopio.com
Sean M. Sullivan (Bar No. 254372)
E-mail:sean.sullivan@procopio.com
Benjamin White (Bar No. 339169)
E-mail:benjamin.white@procopio.com
Procopio, Cory, Hargreaves & Savitch LLP
525 B Street, Suite 2200 San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*ATTORNEYS FOR DEFENDANT:*

ROBLOX CORPORATION

Executed on this 13th day of August, 2025, at San Diego, California.

/s/ Robert Salgado

Robert B. Salgado, Attorney for Plaintiffs