Morgan D. Ross, Esq. (SBN 270650)
Robert B. Salgado, Esq. (SBN 297391)
**COUNTERPOINT LEGAL**
600 B Street, Ste 1550
San Diego, CA 92101
Tel:  (619) 780-3303
Fax: (619) 344-0332
morgan@counterpointfirm.com
rsalgado@counterpointfirm.com

*Attorneys for Plaintiffs and Putative Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA, SALENA GARCIA, AND R.G., a minor by and through her guardians Michael Garcia and Salena Garcia, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br>     vs.<br>ROBLOX CORPORATION,<br>          Defendant | Case No.: 2:25-cv-03476<br><br>**JOINT RULE 26(f) REPORT**<br><br>Dept:     9B<br>Judge:    Judge Wesley L. Hsu<br><br>M.S.C.:   September 19, 2025<br>(1) Original Complaint: April 18, 2025;<br>(2) Removal (if any): N/A;<br>(3) Responsive Pleading: July 23, 2025 (motion to dismiss);<br>(4) Trial (Proposed): March 22, 2027. |

///
///
///
///
///

Consistent with Rule 26 and Judge Hsu's orders, Plaintiffs Michael Garcia, Salena Garcia, and R.G. ("Plaintiffs") and Defendant Roblox Corporation ("Roblox") (collectively, "Parties") have conferred at least 21 days before the Scheduling Conference and will make initial disclosures "without awaiting a discovery request."

### 1. Statement of the Case

This putative class action alleges that Roblox contemporaneously intercepted users' electronic communications and collected/stored communications and associated data without proper consent, including from child users, via client- and server-side instrumentation (e.g., canvas/audio fingerprinting, telemetry, analytics SDKs) and shared data with third parties (e.g., Google Analytics, Pendo, Arkose). See, e.g., Compl. ¶¶ 25–26 (fingerprinting/telemetry), ¶ 62 (injunctive relief), and class allegations for adult and minor subclasses. Roblox denies and disputes that Plaintiffs have stated facts to support any of their claims, including contemporaneous interception of data, or that their asserted claims are legally valid. Roblox further asserts that the Parties agreed to arbitrate its disputes and plans to file a motion to compel arbitration. Arbitration-specific discovery has been served and Roblox will file its motion as soon as possible. Plaintiffs deny that they agreed to arbitration and plans on opposing any such motion to compel arbitration.

   a. <u>Claims (federal question)</u>:

      Count I – ECPA, Title I (Wiretap Act), 18 U.S.C. § 2511;

      Count II – SCA, 18 U.S.C. § 2701 et seq.;

      Count III – COPPA (15 U.S.C. §§ 6502, 6503; 16 C.F.R. Part 312) (equitable relief only).

Roblox denies liability, contends its conduct is authorized/consented to under its terms and privacy disclosures, and has moved to dismiss; it will move to compel arbitration pursuant to its terms once arbitration-specific discovery is complete.

### 2. Subject Matter Jurisdiction

Federal question jurisdiction under 28 U.S.C. § 1331 based on the ECPA, SCA, and COPPA claims.

### 3. Legal Issues

Key issues include: (a) interception contemporaneity/device under ECPA; (b) unauthorized access to "facility"/contents under the SCA; (c) COPPA-related consent/notice (equitable relief); (d) Article III standing and causation; (e) contract formation/assent and enforceability of arbitration/venue class waivers; (f) class certification under Rules 23(a)/(b), including predominance/ascertainability; (g) merits and damages for statutory remedies; (h) evidentiary issues concerning third-party analytics and minors' data; and (i) Roblox's position that this matter should be in arbitration.

### 4. Parties, Percipient Witnesses, and Key Documents

#### a. Parties

Plaintiffs Michael and Salena Garcia and minor R.G.; Defendant Roblox Corporation.

#### b. Corporate relationships

As attested in Roblox's Notice of Interested Parties (Dkt. No. 18), Roblox has no parent corporation, and no publicly held company owns 10% or more of Roblox's stock.

#### c. Anticipated percipient witnesses (non-exclusive)

Plaintiffs identify the following witnesses: Roblox's engineering, product, Trust & Safety, data/analytics, and ads/monetization personnel (including custodians knowledgeable about Google Analytics, Pendo, Arkose, telemetry, cookies/ID graphs, parental-consent/age-verification, chat/voice systems), and third parties (Google, Pendo, Arkose).

Defendant identifies the named Plaintiffs at this time.

#### d. Key documents/evidence (non-exclusive)

Plaintiffs identified the following during the meet and confer: HAR logs; all

GET/POST requests; pre-login tracking flows and destinations; clickwrap/assent records for each class representative; complete information about Arkose/Pendo/Google Analytics (adoption dates, data types sent/received, purpose, Roblox's use); data-driven revenue streams; user profiles generated from collected data; consent/TOU artifacts; SCA screen captures; Roblox-specific ESI (voice-chat recordings/transcripts; public/private chat logs; device/browser identifiers; geolocation; parental-consent and age-verification/estimation data; moderation/Trust & Safety flags; SDK/adtech event streams; telemetry; cookies/ID graphs) and their preservation/export formats.

Without conceding that all such information or documents (including related ESI) exists, Roblox agrees that much of the user-profile information for named Plaintiffs will be relevant evidence, but reserves its right to seek additional categories of information as the case warrants.

### 5. Damages

Plaintiffs currently estimate damages for a class of ~1,000,000 users at up to $11,000 per user based on statutory damages frameworks they contend apply (ECPA and SCA).

Though it denies Plaintiffs have been harmed or suffered any damages, in any event, Roblox believes it is too early to calculate damages. Roblox also disputes that Plaintiffs are entitled to statutory damages.

The Parties reserve the right to refine with expert analysis. See also damages discussion in the complaint (statutory figures and injunctive relief).

### 6. Insurance

The Parties are unaware of applicable insurance at this time. Each side will disclose any responsive coverage per Rule 26(a)(1)(A)(iv) in initial disclosures.

### 7. Motions

(a) Procedural Motions. Plaintiffs anticipate one or more motions to amend to add class representatives; no jurisdictional or venue challenges anticipated by either

side at this time.

Roblox currently has pending a motion to dismiss. Roblox also intends to file a motion to compel arbitration and seeks to have the court determine the motion to compel arbitration in advance of a substantive decision on the motion to dismiss. Roblox is working expeditiously to complete arbitration related discovery and will file its motion to compel as soon as possible thereafter.

(b) Dispositive Motions. Roblox anticipates a Rule 56 motion for summary judgment; Plaintiffs do not presently anticipate dispositive motions.

(c) Class Certification. Judge Hsu will set a deadline to hear the class-cert motion; the standard rules contemplate that the motion must be filed within 120 days of the date originally set for the Scheduling Conference absent court-approved extension, and the Court requires an extended briefing schedule (Opposition four weeks after filing; Reply two weeks after Opposition; at least three weeks from Reply to hearing). Given the volume and sensitivity of minors' ESI and third-party analytics discovery, as well as the complexity of this case, the potential size of the class, and amount of information necessary for the Parties to assemble and review prior to class briefing, the Parties jointly propose a Class Certification Plan (Exhibit A) modifying the schedule outlined in the worksheet, with task-by-task milestones to a proposed October 2, 2026 hearing (details below).

**8. Manual for Complex Litigation**

Because this is a putative class action with significant ESI and data-privacy issues involving minors, the Parties agree selected procedures from the Manual for Complex Litigation (re early ESI conferences, protective orders, phased discovery, and class-cert sequencing) would be useful.

**9. Discovery**

a. <u>Status</u>

The Parties have begun Rule 26(f) planning and will exchange early discovery; Roblox has served arbitration-related discovery.

b. Discovery Plan

Initial Disclosures: Upon agreement of the Parties, due September 16, 2025.

    i. Early/Targeted Discovery:

Arbitration: Roblox has served early discovery limited to arbitration-related issues, including assent/notice. Plaintiffs will promptly provide responsive, targeted records so the motion can be briefed efficiently.

Merits (Plaintiffs' priority set): Pre-login tracking flows and destinations; HAR logs; all GET/POST capture and server-side handling; canvas/audio fingerprinting details and resulting hashes; full information on Arkose, Pendo, Google Analytics (adoption dates; data types transmitted; purposes; data Roblox ingests back; internal use); revenue streams from data collection; user profiles derived from telemetry; SCA screen captures; and consent/TOU artifacts.

Roblox contends merits discovery should be stayed until the Court has adjudicated Roblox's anticipated motion to compel arbitration.

    ii. Plaintiffs' Anticipated ESI Discovery Parameters

Sources/Types: voice-chat recordings and transcripts; public/private chat logs; device/browser identifiers; IPs; geolocation; parental-consent artifacts; age-verification or estimation data; moderation/Trust & Safety flags; SDK/adtech event streams; telemetry; cookies/ID graphs.

Format/Metadata: JSON/CSV for logs and event streams; native or text-plus-loadfile for chats with per-message metadata (sender ID, channel, timestamp (UTC), message ID, deletion/moderation flags); audio and transcript files in native with chain-of-custody; include fields sufficient to link persistent identifiers to accounts in a separate mapping table with hashed user IDs.

Timeframe & Scope: From the start of each tool's deployment to present for the named plaintiffs; class-wide sampling and aggregated exports for system-level proofs (e.g., configuration, data dictionaries, and exemplar event schemas) within the statute of limitations or as otherwise permitted through discovery disclosure.

Search/Queries: The Parties will exchange initial keyword lists and event-name/endpoint lists and will iterate based on hit reports; if available, Roblox will provide data dictionaries for Arkose/Pendo/GA and telemetry endpoints to allow targeted queries.

Privilege/Protection: A 502(d) order to avoid subject-matter waiver on inadvertent productions; clawback protocol; and Plaintiffs' propose a two-tier protective order with an AEO-Minors tier governing minors' PII/recordings (the Parties will further meet and confer on a stipulated PO).

Third-Party Discovery: Plaintiffs' anticipate subpoenas to Google, Pendo, Arkose for integration contracts, data flows, and event taxonomies.

Native data integrity: The Parties will endeavor to preserve server logs and client telemetry in original time zones with synchronized UTC fields; exports will identify hashing/encoding methods, and any rolling deletions will be suspended for relevant systems upon service of preservation notices.

   iii.   <u>Phasing/Limitations:</u>

Phase 1: Arbitration/assent records and core system-level materials (configurations, data dictionaries, exemplar logs) sufficient to brief arbitration motion and to frame class issues.

Phase 2: Class and merits discovery (including depositions and expert discovery on tracking/interception, consent, minors' privacy practices).

However, Roblox reserves the right to seek appropriate protections for information subject to rights of third parties, including rights of privacy, prior to the decision of any motion for class certification.

Discovery cut-offs and expert dates are proposed in the Worksheet below; note that "discovery cut-off" and "motions cut-off" refer to hearing dates, not filing dates.

  c.  <u>Discovery Cut-Off (Fact)</u>

Proposed in Worksheet (18 weeks before FPTC).

d. <u>Expert Discovery</u>

Initial disclosures 16 weeks before FPTC; rebuttal 14 weeks before FPTC; expert discovery cut-off 14 weeks before FPTC.

e. <u>Settlement/ADR</u>

The Parties are open to private mediation and will meet and confer on mediator selection; the Worksheet sets the completion deadline five weeks before FPTC (below).

### 10. Trial

Jury trial requested; estimated length 10-15 court days. Trial must be set on a Monday at 9:00 a.m. per the Worksheet, and the Parties propose a date 18-months from the Scheduling Conference based on class-action complexity.

### 11. Independent Expert or Master

The Parties do not presently request appointment of a master or independent expert but agree to revisit if discovery disputes become substantial.

### 12. Other Issues

**Protective Order (Minors' Data Handling/Roblox's Confidential Information)**: The Parties will submit a stipulated two-tier PO with restrictions for minors' information and Roblox's confidential / proprietary information, controlled access, redaction protocols for PII, and handling instructions for voice/chat content.

**Sealing**: The Parties will comply with the Ninth Circuit standard and Local Rule 79-5 for any sealing of minors' information.

**Young-Lawyer Opportunities**: The Parties will endeavor to present junior counsel consistent with the Court's encouragement.

Dated: September 5, 2025

1
2      _____
3      Robert B. Salgado, Esq.
       Attorney for Plaintiffs
4
5
       /s/ Elaine F. Harwell
6      Elaine F. Harwell
7      Attorney for Defendant, Roblox Corporation
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A – ARBITRATION AND CLASS CERTIFICATION PLAN

**(Requested Extension)**

**Rationale for extension**: Class action; complex, minors' data; multiple third-party analytics; anticipated arbitration briefing; significant ESI volume and protective-order issues. The Standing Order requires a detailed plan to justify any extension beyond 120 days.

**Plan & Dates (agreed sequencing)**:

1. Roblox's motion to compel arbitration filed: by **10/8/2025**;

2. Motion to compel arbitration to be heard: by **11/5 2025**;

3. Exchange core class-related ESI artifacts (data dictionaries/schemas; config docs; exemplar logs; clickwrap/assent records for reps): by **12/05/2025**.

4. Protective Order lodged: by **12/12/2025**; 502(d) proposed order submitted same day.

5. Third-party subpoenas (Google, Pendo, Arkose) served: by **12/19/2025**.

6. Plaintiffs' 30(b)(6) on data/telemetry/analytics, and depositions of class reps: **Jan–Mar 2026**.

7. Class data sampling/exports produced; expert data audit and opening report work: by **05/29/2026**.

8. Close of class fact discovery: **06/26/2026**.

9. Plaintiffs' Motion for Class Certification filed: **07/31/2026**.

10. Opposition due: **08/28/2026** (4 weeks after); Reply due: **09/11/2026** (2 weeks after); Hearing: **10/02/2026** (Friday) (≥3 weeks post-reply).

**ADR PLAN**

The parties will pursue private mediation (L.R. 16-15, Option 3) and propose a completion deadline of 01/22/2027 (five weeks before FPTC, per Worksheet).