Morgan D. Ross, Esq. (SBN 270650)
Robert B. Salgado, Esq. (SBN 297391)
**COUNTERPOINT LEGAL**
600 B Street, Ste 1550
San Diego, CA 92101
Tel:  (619) 780-3303
Fax: (619) 344-0332
morgan@counterpointfirm.com
rsalgado@counterpointfirm.com

*Attorneys for Plaintiffs and Putative Class*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA, SALENA GARCIA, AND R.G., a minor by and through her guardians Michael Garcia and Salena Garcia, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　　vs.<br>ROBLOX CORPORATION,<br>　　　　　Defendant | Case No.: 2:25-cv-03476<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTION TO DISMISS**<br>Date:　　On the Papers<br>Time:　　NA<br>Dept:　　9B<br>Judge:　　Judge Wesley L. Hsu<br>**<u>FILED ON THE PAPERS</u>** |

## I. INTRODUCTION

Roblox's ex parte application should be denied. Ex parte relief is extraordinary and inappropriate where the "need" is of the moving party's own making and regular motion practice is adequate. Here, the Court already set the

motion to dismiss ("MTD") for November 14, 2025 pursuant to the parties' Rule 26(f) report; briefing is complete; and the Court can simply call the motion to compel arbitration ("MTC") first on November 14, mooting the MTD if the MTC is granted. No continuance is required to conserve resources, and further delay prejudices Plaintiffs and the putative class.

For these reasons, Plaintiffs request that the Court grant the ex parte relief, accept the Opposition for consideration, and set a brief schedule that preserves both fairness and judicial efficiency.

## II.   BACKGROUND

On September 9, 2025, the Court continued the MTD hearing to November 14, 2025 "[p]ursuant to the parties' [Rule 26(f)] Report." (Salgado Decl., ¶ 2; Dkt. 29). At that time the Defendant had already filed their moving papers and the Plaintiffs had filed their opposition. (Dkts. 17 and 22 (late Opposition accepted by Dkt. 26). At that time the hearing was scheduled for August 22, 2025 and then continued to September 12, 2025. The parties' Rule 26(f) filing reflected defense's plan to compel arbitration first and proposed an November 5, 2025 hearing on the Motion to Compal Arbitration ("MTC"); i.e., arbitration before merits. (Salgado Decl., ¶ 5; Dkt. 28, pg. 5:2-6). On October 6, 2025, Roblox filed its MTC and noticed it for November 14, 2025—the very date already set for the Motion to Dismiss (MTD). (Salgado Decl., ¶ 2; Dkt. 33).

The Defense then sought a continuance of the already-set MTD by ex parte application, citing Local Rule 7-19 and claiming November 14 was the "only posted date" satisfying 28-day notice. (Dkt. 34-1, ¶ 4). However, Mr. White's Declaration does not state whether any dates were available in December, 2025 that would have also satisfied the 28-day notice requirement. *Id*. Plaintiffs counsel's declaration attaches the contemporaneous meet-and-confer emails showing Plaintiffs opposed any continuance and proposed proceeding on November 14 with the MTC first; it also confirms the MTD is fully briefed. (Salgado Decl., ¶ 3-4; Exhibits 1-2).

2
PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION
TO CONTINUE HEARING ON MOTION TO DISMISS

### III. LEGAL STANDARD

Ex parte applications require a showing that regular motion practice is inadequate and that the timing problem is not self-created. *See* C.D. Cal. L.R. 7-19 (notice and timing requirements, which defense itself recites) *and* Judge Hsu's Standing Order (civil motions heard Fridays at 1:30 p.m.; no need to clear a date with the CRD; counsel must check "Closed Motion Dates" and the Court may reset any noticed hearing). These rules provide ordinary paths to manage calendars—ex parte is not the default device.

### IV. ARGUMENT

#### A. No "Extraordinary" Need—Same-Day Sequencing Fully Resolves the Concern.

The Court can simply hear the MTC first on November 14. If granted, the MTD is moot; if denied, the MTD—already fully briefed—can be argued immediately or taken under submission. That path achieves any claimed "judicial economy" without moving dates or generating duplication. Plaintiffs said exactly this in meet-and-confer and in their declaration.

Additionally, both the Motion to Dismiss and the Motion to Compel Arbitration present "threshold" issues that, should one be granted, the other would be moot. The MTD is asking this court to dismiss the Plaintiffs' Complaint with prejudice, before the Defendant has even answered the Complaint. (Salgado Decl., ¶ 7). The Motion to Compel Arbitration is challenging this Court's jurisdiction over this Case and requesting that the Plaintiffs and their minor children be sent to Arbitration.

#### B. The Supposed Emergency Is Self-Created

Defense knew the MTD was set for 11/14 when it chose to notice its MTC for the same date. The Rule 26(f) plan had proposed an earlier arbitration date (11/5); nothing required defense to collide with 11/14. Having engineered the conflict, defense cannot rely on its own choices to justify ex parte relief. (Salgado Decl., ¶ 8).

The Defendant can still have their Arbitration Motion heard before the MTD at the November 14, 2025 hearing, we have no objection to the Arbitration motion being heard first. (Salgado Decl., ¶ 10).

### C. Regular Procedures Were Available; The Standing Order Shows Alternatives to Ex Parte.

Judge Hsu's Standing Order makes clear: (1) civil motions are heard Fridays; (2) counsel need not pre-clear dates with the CRD; (3) counsel must check "Closed Motion Dates"; and (4) the Court may reset unavailable dates. If November Fridays were closed, defense could have noticed a later Friday (December or beyond) or coordinated a reset with the CRD—without seeking ex parte relief. (Salgado Decl., ¶ 9).

### D. Prejudice Favors Denying a Continuance.

Plaintiffs completed their MTD briefing and prepared for 11/14 in reliance on the Court's order; further delay burdens a putative class and complicates evidence-preservation and early case-management planning. That prejudice is concrete; the defense's preference for a later MTD hearing is not. (Salgado Decl., ¶ 11).

## V. REQUESTED RELIEF

We humbly request that this Court deny the ex parte application. Alternatively, keep November 14, 2025 on calendar and sequence: hear the MTC first, and (i) if granted, take the MTD off calendar as moot; or (ii) if denied, hear the fully briefed MTD immediately or take it under submission with 5-page, 7-day simultaneous briefs solely on the impact of the MTC ruling.

Dated: October 22, 2025                COUNTERPOINT LEGAL

_____
Robert B. Salgado, Esq.
Attorney for Plaintiffs

**L.R. 11-6 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certify that Plaintiffs' Opposition to Defendant's Ex Parte Application to Continue Hearing on Motion to Dismiss contains 1,142 words, which complies with the word limits of L.R. 11-6.1 and Section G.4 of the Court's Standing Order For Newly Assigned Civil Cases.

Dated: October 22, 2025                COUNTERPOINT LEGAL

_____
Robert B. Salgado, Esq.
Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTION TO DISMISS

CERTIFICATE OF SERVICE

Garcia, *et al.* v. Roblox Corporation
Case No. 2:25-cv-03476

I hereby certify a copy of the foregoing was served electronically via the Court's electronic filing system this 22nd day of October, 2025 to the attorneys of record herein.

| | |
|---|---|
| Elaine F. Harwell (Bar No. 242551)<br>E-mail:elaine.harwell@procopio.com<br>Sean M. Sullivan (Bar No. 254372)<br>E-mail:sean.sullivan@procopio.com<br>Benjamin White (Bar No. 339169)<br>E-mail:benjamin.white@procopio.com<br>Procopio, Cory, Hargreaves & Savitch LLP<br>525 B Street, Suite 2200 San Diego, CA 92101<br>Telephone: 619.238.1900<br>Facsimile: 619.235.0398 | *ATTORNEYS FOR DEFENDANT:*<br>ROBLOX CORPORATION |

Executed on this 22nd day of October, 2025, at San Diego, California.

/s/ Robert Salgado

Robert B. Salgado, Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTION TO DISMISS