Elaine F. Harwell (Bar No. 242551)
E-mail: elaine.harwell@procopio.com
Sean M. Sullivan (Bar No. 254372)
E-mail: sean.sullivan@procopio.com
Benjamin White (Bar No. 339169)
E-mail: benjamin.white@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant Roblox Corporation

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

MICHAEL GARCIA, SALENA GARCIA, AND R.G., a minor by and through her guardians Michael Garcia and Salena Garcia, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ROBLOX CORPORATION,

Defendant.

Case No. 2:25-cv-03476

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ARBITRATION ORDER**

Date: April 3, 2026
Time: 1:30 PM
Dept: 9B
Judge: Judge Wesley L. Hsu

Defendant Roblox Corporation ("Roblox" or "Defendant") submits this opposition to Plaintiffs Michael Garcia, Salena Garcia, and R.G.'s ("Plaintiffs") Motion for Reconsideration (Dkt. No. 51) ("Motion") of the Order Granting Defendant's Motion to Compel Arbitration (Dkt. No. 50) ("Order").

## I. INTRODUCTION

Plaintiffs' Motion does not identify a single permissible ground for reconsideration under Local Rule 7-18 or Federal Rule of Civil Procedure 54(b). It presents no facts or law that were unavailable to Plaintiffs when they filed their opposition to Defendant's original motion to compel arbitration. *See* Dkt. No. 33. It identifies no new facts or law that emerged after the Court's February 11, 2026 Order, and it points to no material facts that the Court failed to consider. Instead, the Motion is simply a reorganized version of their opposition to the original motion to compel arbitration.

Every substantive argument in the Motion was raised in Plaintiffs' original opposition. Motions for reconsideration ***cannot*** repeat arguments already made and considered by the court. Plaintiffs, however, repeat their arguments as to contract formation, assent, disaffirmation, equitable estoppel, intended beneficiaries, and public injunctive relief. The Motion is not one for reconsideration. Rather, it is an attempt to have a second bite at the apple, which is not permitted. Therefore, the Motion should be denied.

## II. ARGUMENT AND AUTHORITIES

Plaintiffs' Motion is an improper attempt to relitigate issues the Court already decided without any intervening changes in the facts or applicable law. It should be denied on this basis alone. However, even if the Court were to (re)consider various erroneous arguments that Plaintiffs already raised, the outcome remains the same: Plaintiffs must arbitrate their dispute. Specifically, disaffirmance is not a categorical bar to arbitration, despite what Plaintiffs mistakenly contend. The Court can, should, and already has considered additional equitable factors that favor arbitration here. *See,*

*e.g.*, Order at 11 ("But even if this Court found that R.G. was no longer a signatory to the arbitration agreement with her disaffirmance at the time of this lawsuit's filing, equitable considerations weigh in favor of binding R.G. to its terms given her continued use of the platform through at least September 8, 2025."). In addition, differences between the 2023 and 2025 TOU – that the Court has already considered in ruling on the original motion to compel arbitration – do not provide a basis for reconsideration. The Court already considered these facts in the Order, making its conclusions ineligible for reconsideration. Further, these differences have no bearing on the Court's conclusion regarding the arbitrability of R.G.'s claims, which rested on her parental relationship, continued use and failure to return benefits, and the 2025 TOU, which explicitly authorize public injunctive relief.

**A. Plaintiffs Fail to Satisfy the Governing Standard for Reconsideration Because They Identify No New Law, No New Facts, and No Clear Error**

The Motion fails because Plaintiffs have not identified any facts or law the Court failed to consider before it compelled arbitration. Plaintiffs argue "[r]econsideration is appropriate because the issue is narrow, purely legal, and readily correctable." Mot. at 1:13–14. That is not the standard. Local Rule 7-18 provides three narrow grounds for a motion for reconsideration: "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." In addition, the Local Rules provide that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Id.*

Similarly, in analyzing a motion brought under FRCP 54(b) seeking

reconsideration of a prior order, district courts "look to the standard on motions for reconsideration under Rule 59 and Rule 60(b)." *Staniforth v. United States*, No. 23CV449-JM-MMP, 2024 WL 3463650, at *2 (S.D. Cal. July 18, 2024) (quotations and citations omitted). Reconsideration is only appropriate if the court is presented with (1) "newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Plaintiffs satisfied none of the requirements for the Court to consider their Motion.

Plaintiffs cite no new evidence or law and instead rehash arguments from their opposition claiming material facts were not considered. The Court, however, did not err and indeed considered each substantive argument (re)asserted by Plaintiffs in their current Motion. As illustrated in the chart below, arguments made in Plaintiffs' Motion were previously briefed in opposition to Defendant's original motion to compel arbitration (Dkt. No. 40-3) ("Original Oppo."):

| **Plaintiffs' Argument Topic**[1] | **Original Oppo.** | **Motion** |
|---|---|---|
| Lack of mutual assent and formation | pp. 2–7 | pp. 4–6 |
| R.G. disaffirmed Terms of Use | pp. 2, 18–19 | pp. 1–4, 10–13 |
| Plaintiffs deny accepting the Terms of Use | pp. 5–6, 28–30 | pp. 4–6 |
| Plaintiff not bound as nonsignatory | pp. 7–8, 19–20 | pp. 6–8, 10–13 |
| Waiver of public injunctive relief in TOU bars arbitration | pp. 22–23 | pp. 8–10 |

[1] Rather than repeat argument here as Plaintiffs have done, Roblox refers the Court to its prior motion to compel arbitration and reply. *See* Dkt. No. 33-1 ("Arb. Mot.") at 9-16, Dkt. No. 38 ("Rep.") at 2–4 (Plaintiffs' agreements to arbitrate); Arb. Mot. at 25–28, Rep. at 6–7 (R.G. bound as nonsignatory, no disaffirmance); Rep. at 9–10 (arbitration).

As the Court already considered each of the arguments repeated in the Motion, Plaintiffs' request for reconsideration is improper.

**B. Neither *Coughenour* nor *Electronic Arts* Eliminates the Equitable Estoppel and Third-Party Beneficiary Exceptions that Independently Bind R.G.**

A minor's right to disaffirm is not unlimited. Plaintiffs cannot invoke disaffirmance as a categorical bar to arbitration while continuing to accept the benefits of the same agreement. A minor's right to disaffirm also does not override the independent agreement of Michael Garcia and Salena Garcia ("Parent Plaintiffs"), who accepted the TOU to facilitate and supervise R.G.'s use of the Roblox platform. Their acceptances made R.G. a direct and intended beneficiary of those agreements. Nor does disaffirmance permit Plaintiffs to avoid the equitable consequences of invoking contractual benefits while simultaneously repudiating contractual obligations.

In *Coughenour v. Del Taco, LLC*, 57 Cal. App. 5th 740, 748–49 (2020), the court held that filing a lawsuit constituted valid disaffirmance and declined to find ratification once the minor reached the age of majority. *Coughenour*, however, did not discuss the equitable estoppel or the third-party beneficiary doctrines, let alone eliminate those well-established exceptions to disaffirmance. Plaintiffs cannot bootstrap a narrow holding about the mechanics of disaffirmance into a categorical rule that extinguishes every equitable and nonsignatory doctrine that courts have recognized.

Similarly, *J.R. v. Electronic Arts Inc.*, 98 Cal. App. 5th 1107 (2024) ("*Electronic Arts*"), is no broader. *Electronic Arts* recognized only that disaffirmance does not require specific language or reference to specific contract terms. *Id.* at 1117. It did not discuss any exceptions that may or may not apply once disaffirmance has been asserted. Notably, the absence of any analysis of equitable estoppel or third-party

beneficiary principles in *Electronic Arts* is not an endorsement of Plaintiffs' categorical rule as Plaintiffs attempt to assert.

Neither of these cases suggests R.G.'s parental relationships and continued use of the Roblox platform could not equitably bind her to the TOU. The Court applied the correct framework in its Order: one in which disaffirmance is the beginning of the analysis, not the end. As the Court recognized, a minor may disaffirm a contract, but the analysis does not "end there." Order at 11. The record supporting that conclusion is uncontested. A minor cannot disaffirm the Terms of Use while continuing to use the platform those Terms govern, invoking the representations those Terms contain in her lawsuit, and benefiting from her parents' supervision facilitated by those same Terms. *Coughenour* and *Electronic Arts* do not require a different result.

**C. The Court Already Considered Both TOU Versions and Any Textual Differences Do Not Support Reconsideration.**

The Court fully assessed both the 2023 and 2025 TOU when compelling arbitration, and any "textual differences" between the two versions have no bearing on the Court's conclusions. As discussed, *supra*, Plaintiffs have the burden to establish "a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18. As a threshold matter, Plaintiffs have not met their burden because the Court already considered both versions of the TOU.

Plaintiffs assert differences in the 2023 and 2025 TOU bear on the delegation question and public injunctive relief question. Mot. at 8–9. The Court, however, considered these very questions. *See* Order at 2–3 (discussing the arbitration provisions generally in both TOU); Order at 13–15 (acknowledging that the 2025 TOU contained a delegation provision whereas the 2023 TOU did not; Order at 17 (evaluating whether the TOU prohibited public injunctive relief and concluding that "the 2025 TOU explicitly authorizes the arbitrator to 'award public injunctive relief if authorized by law and warranted by the individual claims.'"). The Order evaluated all

"material facts presented to the Court," including the differences between the 2023 and 2025 TOU. Therefore, no error occurred and Plaintiffs have failed to establish grounds for reconsideration.

Plaintiffs assert the Court should reconsider the Order because the 2023 TOU do not authorize public injunctive relief as explicitly as the 2025 TOU. Mot. at 8–9. The distinction, however, does not raise "substantial questions" as to the Court's conclusions or constitute clear error. *Id.* at 9. As discussed in Defendant's original briefing on its motion to compel arbitration, R.G. is not solely bound through the 2023 TOU. R.G. is also equitably bound through her pre-existing parent-child relationship and bound as a third-party beneficiary of her parents' acceptance of the 2025 TOU. *See* Arb. Mot. at 25–28. The Court reached the same conclusion, holding that "Plaintiff R.G., a minor nonsignatory, [is] bound by the Agreements, not because of *her* interaction with the agreement, but because of the special relationship she maintained with her parents (who were users of age)." Order at 16 (emphasis in original). The Court further recognized that it "already found the Parent Plaintiffs to be bound by the [2025] agreement," and therefore it would be equitable to apply the 2025 TOU to R.G. despite her being a nonsignatory. As the 2025 TOU explicitly authorize public injunctive relief (Order at 17), and the 2025 TOU equitably apply to R.G. through her parental relationship and ongoing use, the differences between the 2023 and 2025 provisions do not change the result.

Even if the 2023 TOU do not explicitly authorize public injunctive relief, they are not *per se* invalid in their entirety as Plaintiffs argue. In the case *McGill v. Citibank, N.A.,* 2 Cal. 5th 945, 956 (2017), the court held that a consumer cannot waive "public injunctive relief in arbitration, in court, or in any forum." Specifically, *McGill* addressed the *substantive waiver* of the right to seek public injunctive relief, not the forum for seeking such relief. Requiring arbitration of individual claims, including claims seeking public injunctive relief, does not waive public injunctive relief. *Id.* at

959 (stating "[w]e conclude that these provisions do not preclude a private individual who . . . has standing to file a private action – from requesting public injunctive relief in connection with that action."). Plaintiffs have identified no provision in the 2023 TOU that bars public injunctive relief in any form, including arbitration. At most, they note that the 2023 TOU do not affirmatively authorize public injunctive relief in the same explicit language as the 2025 TOU. *See* Mot. at 9–10.

Finally, even if the 2023 TOU precluded public injunctive relief, that would not render the arbitration provision unenforceable because the agreement contains an express severability clause. The 2023 TOU provides that if a court determines "that applicable law precludes enforcement of these Arbitration Terms as to any particular claim for relief or remedy (such as declaratory or injunctive relief)," then the unenforceable provision "must be severed from the arbitration" requirement. *See* Dkt. No. 33-9, Ex. 5 § 16.4.10. Where a contract contains a similar severability provision, California courts will not invalidate an entire arbitration provision because it precludes public injunctive relief. *See*, *e.g.*, *Khan v. Coinbase, Inc.,* 115 Cal. App. 5th 518, 524 (2025). Rather, courts "regularly examine which claims are arbitrable and which are not, and conduct a severability analysis to analyze where claims should be split between court and arbitral processes." *Vasquez v. Cebridge Telecom CA, LLC*, 569 F. Supp. 3d 1016, 1027 (N.D. Cal. 2021). Assuming, *arguendo*, the 2023 TOU were found to preclude public injunctive relief (which they do not), the arbitration provision would still be otherwise enforceable against R.G.

As the Court has already considered the textual differences between the two TOU versions, and these differences have no bearing on the Court's conclusions, Plaintiffs fail to establish a basis for reconsideration, much less reversal.

## III. CONCLUSION

For these reasons, Roblox requests the Court deny Plaintiffs' Motion for Reconsideration.

DATED: March 13, 2026

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: */s/ Elaine F. Harwell*

Elaine F. Harwell
Sean M. Sullivan
Benjamin White
Attorneys for Defendant ROBLOX CORPORATION

**L.R. 11-6 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Roblox, certifies that the Opposition to Plaintiffs' Motion for Reconsideration of Arbitration Order (Dkt. No. 52) contains 2,225 words, which complies with the word limits of L.R. 11-6.1 and Section G.4 of the Court's Standing Order For Newly Assigned Civil Cases.

DATED: March 13, 2026

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: */s/ Elaine F. Harwell*
Elaine F. Harwell
Sean M. Sullivan
Benjamin White
Attorneys for Defendant
ROBLOX CORPORATION