UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-03476-WLH-AJR | Date | April 2, 2026 |
| Title | ***Michael Garcia et al v. Roblox Corporation*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Lesbith Castillo | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION FOR RECONSIDERATION [51]**

The Court is in receipt of Plaintiffs' Motion for Reconsideration (the "Motion"). (Mot., Dkt. No. 51). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 9 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for April 3, 2026, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **DENIES** Plaintiffs' Motion.

## I. DISCUSSION

Plaintiffs contend that this Court engaged in a "manifest failure to consider material facts" in its Order and such a ruling "reflects a material difference in controlling law." (Mot. at 2). Specifically, Plaintiffs argue that the Court misconstrued California authority governing minor disaffirmance and ratification and incorrectly enforced the arbitration against minor R.G. post-disaffirmance. (*Id.* at 1-2).

First and foremost, the Court finds that Plaintiffs have met neither the Ninth Circuit standard nor the Local Rule standard on which reconsideration of an order may be

granted. Generally, a motion for reconsideration in this Circuit is appropriate "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Moreover, under Local Rule 7-18, reconsideration may be granted only on grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18.

On February 11, 2026, this Court granted Defendant's Motion to Compel Arbitration. (Order, Dkt. No. 50). In that Order, this Court found that even if "R.G. [a minor] was no longer a signatory to the arbitration agreement with her disaffirmance at the time of this lawsuit's filing, equitable considerations weigh in favor of binding R.G. to its terms given her continued use of the platform through at least September 8, 2025." (*Id.* at 11). Plaintiffs disagree with that outcome, asserting that the Court (1) failed to resolve the disputed formation issues before compelling arbitration, (2) improperly revived the agreement under a non-signatory and the parent-child "special relationship doctrine and (3) declined to reconcile the material differences between the 2023 and 2025 arbitration agreements. (*See generally* Mot.).

Rather than directing the Court to new evidence or law that warrants reconsideration of its Order, Plaintiffs attempt to relitigate a motion already decided.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

That is not the purpose of the reconsideration vehicle. With respect to the first two grounds permissible under Local Rule 7-18, Plaintiffs fail to prove either. They cite neither (1) a material difference in fact or law that was unknown to them at the time the Order was entered or (2) a new material fact or change in law since the Order was entered. Instead, Plaintiffs cite two state court cases for the proposition that "California law does not provide that a minor's statutory disaffirmance becomes ineffective if the minor continues to use a product." (Mot. at 3).

Not so. Not only do Plaintiffs misrepresent these authorities, they make no attempt to justify why the Court's extensive discussion of equitable principles, including the special parent-child relationship, and supporting case law is insufficient as a matter of law. In fact, *Coughenour v. Del Taco, LLC*, 57 Cal. App. 5th 740, 750, 271 Cal. Rptr. 3d 602, 609 (2020), cited by Plaintiffs, *upheld* the lower court's finding that the employee minor in question's disaffirmance of an agreement (after she turned 18) upon their filing of a lawsuit occurred within a reasonable time under California law. Not only did the employee *not* continue to engage in conduct that would implicate the agreement she disaffirmed (as is the case with Plaintiff R.G.'s continued use of Roblox's platform), there is no discussion of the parent-child relationship underpinning this Court's holding regarding disaffirmance. Second, the relevant provisions of *J.R. v. Elec. Arts Inc.*, 98 Cal. App. 5th 1107, 1116, 317 Cal. Rptr. 3d 367, 374 (2024), also cited by Plaintiffs, concerned the rule that "no specific language is required to communicate an intent to disaffirm." In R.G.'s case, this Court did not require "magic words" of disaffirmance; instead, it accepted R.G.'s disaffirmance with the filing of this lawsuit. (*See* Order at 11-13). That prior disaffirmance, however, did not alter the equitable determination associated with her continued use of the platform post-disaffirmance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Regarding the third potential ground for reconsideration, Plaintiffs do not identify how this Court failed to consider material differences between the 2023 Terms of Use and its 2025 counterpart. The Court addressed these distinctions. (*See* Order at 2–3 (discussing the arbitration provisions in both Terms of Use); Order at 17 (concluding that "the 2025 TOU explicitly authorizes the arbitrator to 'award public injunctive relief if authorized by law and warranted by the individual claims.'")). Determinations of whether specific claims for injunctive relief are arbitrable are ultimately questions of scope for the arbitrator per the delegation provision of the 2025 Terms of Use. "Whether the [2025] agreement applies to claims arising out of [the 2025 and beyond] period, or any other [use] period, is itself a question of the 'scope' of the [2025 Terms of Use]. So, that question is delegated to the arbitrator according to the explicit terms of the arbitration agreement." *Lovette v. CCFI Companies LLC*, No. 3:23-CV-03755-JSC, 2023 WL 8813525, at *3 (N.D. Cal. Dec. 20, 2023). Thus, Plaintiffs' Motion fails on this ground as well.

## II. CONCLUSION

For the foregoing reasons, the Court finds reconsideration inappropriate and therefore **DENIES** Plaintiffs' Motion.

**IT IS SO ORDERED.**