Morgan D. Ross, Esq. (SBN 270650)
Robert B. Salgado, Esq. (SBN 297391)
**COUNTERPOINT LEGAL**
600 B Street, Ste 1550
San Diego, CA 92101
Tel: (619) 780-3303
Fax: (619) 344-0332
morgan@counterpointfirm.com
rsalgado@counterpointfirm.com

*Attorneys for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GARCIA, SALENA GARCIA, AND R.G., a minor by and through her guardians Michael Garcia and Salena Garcia, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>vs.<br>ROBLOX CORPORATION,<br>Defendant | Case No.: 2:25-cv-03476-WLH-AJR<br><br>**JOINT STATUS REPORT REGARDING ARBITRATION**<br><br>Judge: Judge Wesley L. Hsu |

Pursuant to the Court's February 11, 2026 Order Regarding Defendant's Motion to Compel Arbitration (Dkt. No. 50) (the "February 11 Order"), Plaintiffs and Defendant Roblox Corporation submit this Joint Status Report. The February 11 Order granted the motion, stayed this action pending binding completion of arbitration, and required this report. The Court also stated that R.G. may seek leave to amend to assert claims arising from use of the platform after September 8, 2025. (Dkt. No. 50 at 17.) As of the date of this report, no demand for arbitration has been filed and no

arbitration proceeding is pending. Unless otherwise ordered, if the stay remains in effect, the Parties will file the next joint status report regarding arbitration on or before November 11, 2026, consistent with the February 11 Order.

**1. Plaintiffs' Position**

Plaintiffs are evaluating the appropriate procedural course following the February 11 Order, including whether to seek leave to amend as expressly contemplated by the Court with respect to claims arising from R.G.'s use of the Roblox platform after September 8, 2025, and whether to seek leave to amend concerning additional claims or parties. Plaintiffs do not intend through any such motion to relitigate issues actually decided in the February 11 Order and reserve all rights concerning any proposed amended pleading.

Plaintiffs anticipate that, by September 10, 2026, they will either commence arbitration of the claims presently subject to the February 11 Order, seek leave to amend, and/or take such other procedurally appropriate action as may be necessary in light of the Court's Order.

Plaintiffs oppose Roblox's requests that the Court impose an August 25, 2026 arbitration-initiation deadline, prospectively deem Plaintiffs to have waived arbitration or authorize dismissal with prejudice, prohibit Plaintiffs from seeking leave to add parties, or adjudicate the arbitrability of claims that have not yet been pleaded. The February 11 Order imposed a six-month status-reporting requirement but did not establish a deadline for commencement of arbitration. The Order also expressly provides that R.G. may seek leave to amend regarding claims arising from platform use after September 8, 2025. (Dkt. No. 50 at 17.) The propriety, scope, and effect of any proposed amendment should therefore be addressed upon the actual allegations and/or parties proposed, and after the briefing required by the Federal Rules, Local Rules, and the Court's Standing Order, rather than prospectively through this status report.

Plaintiffs further note that their intention potentially to seek amendment to add additional class representatives predates the February 11 Order and was expressly disclosed in the parties' September 5, 2025 Joint Rule 26(f) Report. Plaintiffs do not contend that the prior disclosure itself establishes entitlement to amendment, but respectfully submit that the issue has not been adjudicated and should not be foreclosed through this status report.

To the extent Roblox seeks affirmative relief beyond continuation of the existing stay and the reporting requirements already established by the February 11 Order, Plaintiffs respectfully submit that such relief should be sought through the procedures applicable to a contested request for relief, including the meet-and-confer requirements of Local Rule 7-3 and the Court's Standing Order.

**2. Defendant's Position**

The Court's February 11, 2026 Order compelling arbitration is final. The Court denied reconsideration on April 2, 2026. (Dkt. No. 53). The stay remains in effect. Nearly six (6) months have passed and Plaintiffs have initiated no arbitration proceeding.

Plaintiffs' stated intention herein, to either commence arbitration or file "an appropriate motion concerning amendment and/or the scope or effect of the stay" by September 10 is untenable. The Court has already ruled definitively on minor disaffirmance, arbitration scope, and the 2023 and 2025 Terms of Use. Any motion seeking to challenge the stay or relitigate the scope of the arbitration order would seek to accomplish through amendment what reconsideration could not. The Court should not permit that procedural end-run.

To the extent Plaintiffs seek to assert R.G.'s post-September 8, 2025 claims, it is Roblox's position that those claims must be initiated in arbitration. Any claims arising from R.G.'s post-September 8, 2025 platform use raise scope questions that are expressly delegated to the arbitrator under the 2025 Terms of Use delegation clause and must therefore be resolved in arbitration. (Dkt. No. 50, February 11 Order, pp. 14 – 15). In the alternative, should the Court conclude that the February 11 Order permits Plaintiffs to seek amendment to pursue post-September 8, 2025 claims in this Court, any such motion must be strictly limited to claims arising from that period and may not be used as a vehicle to relitigate the arbitration order, add new parties, or assert claims already compelled to arbitration. Roblox reserves the right to move to compel arbitration of any such newly asserted claims.

Roblox requests that the Court:

1. Order Plaintiffs to initiate arbitration no later than August 25, 2026, failing which

Plaintiffs shall be deemed to have waived arbitration and Roblox may move to dismiss with prejudice;

2. Confirm the stay remains in effect and that no motion challenging the February 11 Order's scope or effect may be filed without leave of Court; and
3. Order that any post-September 8, 2025 claims asserted by R.G. must be initiated in arbitration pursuant to the 2025 Terms of Use delegation clause, or in the alternative, that any leave-to-amend motion is strictly limited in scope consistent with the February 11 Order and does not operate to lift the stay as to claims already compelled to arbitration.

Roblox is prepared to proceed to arbitration promptly and requests the Court enforce its February 11 Order.

Dated: August 11, 2026

| | |
|---|---|
| COUNTERPOINT LEGAL | PROCOPIO, CORY, HARGREAVES & SAVITCH LLP |
| By: /s/ Robert B. Salgado, Esq. | By: /s/ Elaine F. Harwell, Esq. |
| Robert B. Salgado, Esq.<br>Attorneys for Plaintiffs and Putative Class | Elaine F. Harwell, Esq.<br>Attorneys for Defendant Roblox Corporation |